THE STATE OF NEBRASKA, EX REL. SELDEN N. MERRIAM, v. JAMES N. PATTERSON.

1. **Mandamus:** TAX DEED. In an application for a peremptory writ of mandamus to compel the treasurer of O. county to execute certain tax deeds, answers were filed setting up the pendency of actions in other courts to have the tax proceedings declared void. On demurrer to the answer, *Held*, in such case the court will not entertain jurisdiction.

2. **Taxes:** ASSESSMENT. A valid assessment, levy of taxes, and sale of the realty, are absolutely essential to the validity of a tax deed.

ORIGINAL action in mandamus.

*E. F. Warren,* for relator.

When a sale of realty for taxes has occurred and a defective deed executed and delivered to the purchaser thereon, the tax purchaser is entitled to a valid deed, and the treasurer can be compelled to execute a second one. *Johnson v. Chase,* 30 Iowa, 308. *Gray v. Coan,* 30 Iowa, 536. *State v. Winn,* 19 Wis., 304. *Woodman v. Clapp,* 21 Wis., 353. *Maxcy v. Claburg,* 1 Gilm., Ill., 26. *Clippinger v. Tuller,* 10 Kas., 377. *Bank v. Mersereau,* 3 Barb., Ch. 578.

*Sam. M. Chapman,* for respondent.

A defense setting up the pendency of other proceedings relating to the same subject matter, which if true, must justify the respondent from doing the things commanded by the alternative writ, is good. High on Legal Remedies, secs. 21, 472–3. *State v. Jones, county judge,* 10 Iowa, 65. *People v. Wiant,* 48 Ill., 268. *People v. City of Chicago,* 53 Ill., 424.

MAXWELL, CH. J.

This is an application for a peremptory writ of mandamus to compel the defendant, who is county treasurer of Cass county, to execute and deliver to the relator tax deeds for certain real estate alleged to have been purchased by him at tax sale. An alternative writ was allowed at a former term of this court, to which the defendant filed an answer alleging: That an action was then pending in the district court of Cass county, to set aside a tax deed made by W. L. Hobbs, a former treasurer of said county, to said Merriam, for a portion of the land described in said writ,

upon the ground that there was no assessment of said land for the year 1872, that being the year for which it is claimed the tax was delinquent, and that said land was sold while the owner was in actual possession of the same and had a sufficient amount of personal property out of which said taxes could have been collected in Cass county, of which said treasurer had full knowledge. Similar facts are set up as to the other tracts for which a deed is sought.

L. G. Todd, as guardian for the minor heirs of Robert Latta, deceased, was permitted to intervene, and filed an answer, alleging that the north-west quarter of section No. twelve north, of range twelve east of sixth principal meridian, belongs to the heirs of said estate; that at the time said premises are claimed to have been sold for the delinquent taxes set forth in the relator's writ, there had been no valid assessments of said real estate made according to law, upon which any tax might be levied, and there never was any legal or valid levy of taxes; and that said defendants have commenced an action in the district court of Cass county to set aside said tax deed, which cause, on the application of the relator, has since been removed into the circuit court of the United States, and is still pending and undetermined. To these answers the relator filed a general demurrer. The cause is now submitted to the court upon the pleadings. It appears that tax deeds have already been issued to the relator for the lands in controversy, and that the actions referred to in the answers were instituted for the purpose of setting aside said deeds and the proceedings upon which they are based. This being the case, this court will not entertain jurisdiction. To do so would be oppressive. The cases are pending in a court having jurisdiction of the subject matter and the parties. The defendants are there asking for affirmative relief against

the very tax proceedings which the relator seeks to have declared valid, and he cannot be permitted to change the forum by a proceeding of this kind. The allegations of the answer, if true, form a complete defense to the action. A valid assessment, levy of taxes, and sale of the realty, are absolutely essential to the validity of a tax deed, and a party claiming the same must rely upon his naked legal rights, and if there is any essential defect in the proceedings the deed is void. For these reasons the writ must be denied.

WRIT DENIED.