## CONLEY v. McMILLAN.

1. Taxes — Enforcement in Chancery — Jurisdiction — Setting Aside Sale.

   The jurisdiction of the court in a proceeding by the auditor general to enforce the payment of delinquent taxes is not defeated by the fact that the collecting officer might have made the amount of the tax out of personal property on the premises, or that the return of such officer to the county treasurer was prematurely made; and hence a sale for such taxes will not be set aside, after confirmation, on either of said grounds.

2. Same — Confirmation of Sale — How Effected.

   The entry of a formal order confirming a tax sale is unnecessary where no objections are filed thereto; it being provided by section 70 of the law of 1893 (Act No. 206, Pub. Acts 1893) that such sales shall stand confirmed, without the entry of any order, unless objections are filed within a specified time.

Appeal from Macomb; Eldredge, J. Submitted January 3, 1899. Decided July 11, 1899.

Petition by Catherine Conley and others against Alexander McMillan and Charles Cannell to set aside a tax sale. From an order granting the prayer of the petition, defendants appeal. Reversed.

*Bacon & Palmer*, for petitioners.

*Dwight N. Lowell*, for defendants.

MONTGOMERY, J. This is a petition to set aside a sale of lands for taxes under a decree rendered by the circuit court for the county of Macomb, in chancery. The petition was presented to the court in which the decree was rendered, and the relief prayed was granted. The grounds upon which the relief was afforded were two:

1. That the treasurer failed to resort to personal property on the premises for the collection of the tax.

2. That the warrant for the collection of taxes was returned to the county treasurer on February 26th, instead of March 1st.

The statute (section 42, Act No. 206, Pub. Acts 1893) reads:

"The supervisor shall thereupon prepare a copy of the said assessment roll, with the taxes assessed as hereinbefore provided, and annex thereto a warrant signed by him, commanding the township or city treasurer to collect the several sums mentioned in the last column of such roll, and to retain in his hands the amount receivable by law into the township treasury for the purposes therein specified, and to account for and pay over to the county treasurer the amounts therein specified for State and county purposes, on or before the first day of March next following."

And section 55 is as follows:

"If the township treasurer or other collecting officer shall be unable to collect any of the taxes on his roll, assessed on real property, he shall make a statement of the same, with a full and perfect description of such property as assessed upon said roll, with the several taxes assessed upon each parcel thereof, which statement shall be verified by the affidavit of such treasurer or collector that such taxes remain unpaid, and that he has not, upon diligent inquiry, been able to discover any goods or chattels liable to pay such sums, whereupon he could levy the same."

It is contended by the petitioners that return at the proper date is jurisdictional, and that the return in this case was premature, and hence all subsequent proceedings are invalid. Under the former tax law a premature return was held to deprive the owner of a valuable right, and to

render a sale void. *Bailey* v. *Haywood*, 70 Mich. 188. See, also, *Millard* v. *Hayward*, 107 Mich. 219. The petitioners contend that the case of *Thatcher* v. *Powell*, 6 Wheat. 119, is in principle like this. On the other hand, the reasoning of the contestants is (1) that the statute makes the tax a lien upon the land from December 1st; (2) that the jurisdiction of the court to enforce this lien is obtained on publication of notice; and (3) that any intervening irregularity is not material,— citing *Auditor General* v. *Sparrow*, 116 Mich. 574. The case of *Thatcher* v. *Powell, supra,* involved the construction of a very different statute from ours. The return of the sheriff to the court was the basis of jurisdiction. It was held that the absence of the report defeated the jurisdiction. Under our statute, however, the petition of the auditor general, together with proof of proper publication, confers jurisdiction upon the court, and the failure of the collector to make a timely return does not affect the jurisdiction or avoid the lien. In *Auditor General* v. *Sparrow, supra,* referring to the force and effect of our statute, Mr. Justice HOOKER said:

"The law proceeds upon the theory of the existence of a claim upon behalf of the State against the property owner for taxes which have not been paid, and cites him into court to answer a bill to enforce this claim against the property taxed. It is not a sufficient answer for him to show that the treasurer would have been a trespasser had he seized personal property, or that he had not demanded payment, or that it might have been collected had he been diligent or brought an action,—all of which, perhaps, are permitted, and possibly directed, by the law. If all of these things should be proved, the fact would remain that the tax was still due and unpaid."

In a supplemental brief the petitioners' counsel state that the sale had not been confirmed when the petition was filed, and that it does not appear by the record that it has ever been confirmed. It is apparent that what is meant by the petitioners' counsel is that no formal order confirming the sale has been entered; but section 70 of the tax law provides that:

"All sales shall stand confirmed, subject to the right of redemption provided for in section seventy-four, unless objections thereto are filed within eight days after the time limited for filing such report, without the entry of an order or further notice."

We find no jurisdictional irregularity, and feel compelled to reverse the order below, and dismiss the petition, with costs.

GRANT, C. J., MOORE and LONG, JJ., concurred. HOOKER, J., did not sit.