CORNETT *v.* CORNETT.

122   685
124   260
122   685
s81ᴺᵂ 920

INSANE PERSONS — GUARDIANSHIP — PETITION FOR DISCHARGE — ESTOPPEL.

A proceeding by an adjudged lunatic in probate court, under 3 Comp. Laws 1897, § 8724, which provides that the guardian of any insane person may be discharged when it shall appear, on application of the ward or otherwise, that such guardian- ship is "no longer" necessary, will estop the ward from sub- sequently going into equity and attacking the validity of the original appointment.

Appeal from Jackson; Peck, J. Submitted January 3, 1900. Decided February 20, 1900.

Bill by George Cornett to restrain William H. Cornett from assuming to act as complainant's guardian, and to set aside the proceedings under which he claimed authority so to act. From a decree dismissing the bill on demurrer, complainant appeals. Affirmed.

*Pringle & Hewett,* for complainant.

*Blair, Smith & Townsend,* for defendant.

MONTGOMERY, C. J. The complainant's bill alleges certain fraudulent proceedings in the year 1896 by the defendant to get possession of his property from a custo- dian in another county, and the bringing of it to the county of Jackson, for the purpose of giving a seeming jurisdiction to the probate court for proceedings to appoint a guardian, and the following up of that fraud by state- ments, without any reason or foundation of facts, to show that the complainant was insane; that by such means, while the complainant was entirely sane and competent, and transacting business as a traveling salesman in the State of Indiana, the defendant, without actual notice to him, or

his knowledge, fraudulently procured a decree of the probate court adjudging the complainant incompetent to take care of himself or manage his property, and the appointment of the defendant as guardian of his person and property. The guardian qualified and acted, and in January, 1898, filed with the probate court an account, alleging that he had expended, or become entitled to compensation as guardian to, the sum of $135.48. At the time of filing the bill, the guardian claimed to have an additional account, which had not then been presented. The complainant's bill is in the nature of a review of such proceedings, and was demurred to for the reason, among others, that it appeared by the bill that, before it was filed, the complainant had applied to the same court by petition, and on such application had been discharged from guardianship. The circuit judge found as follows:

"It appears from the bill that the defendant was appointed special guardian of the complainant by the probate court of Jackson county on or about the 15th day of May, 1896; that he filed a bond as such guardian, which was approved June 15, 1896, and entered upon the discharge of his duties as such guardian; that on the 24th day of August, 1896, the defendant was appointed guardian of the complainant by the said court, filed a new bond, which was approved August 29, 1896, and from that day forward assumed to be and acted as guardian of the complainant. It further appears from the eighth paragraph of said bill, and the probate files, that on the 6th day of January, 1899, complainant filed a petition in the probate court alleging his then present competency to manage his own affairs, and praying that he be discharged from said guardianship; that a hearing was had in said court on that petition, and the testimony of numerous witnesses taken; and that on or about the 9th day of February, 1899, an order was made by said court thereon, relieving the complainant from said guardianship, and ordering the defendant, as such guardian, to turn over the property in his hands to the complainant, and within 10 days thereafter to file his final account as such guardian. In the ninth paragraph of his bill the complainant refers to all the records and files in the probate court in said matter, in order to show more fully the matters alleged in the bill.

Referring to the records and files of the probate court in said matter, which were exhibited at the hearing of this demurrer, it appears that on March 3, 1899, the defendant, in pursuance of said order of the probate court, did file his account as such guardian, but that no hearing has yet been had upon said account in said court, nor has any order for such hearing been made. By the present bill the complainant prays for a decree declaring the appointment of the defendant as his guardian by the probate court, and all proceedings therein, without jurisdiction and void, because of frauds and defects in the proceedings themselves."

The circuit judge sustained the demurrer, and from a decree dismissing complainant's bill the complainant appeals.

The circuit judge was of the opinion that the complainant should be held to have voluntarily submitted to and invoked the jurisdiction of the probate court, with full knowledge of all the facts, and should be held estopped from complaining of the fraud or jurisdictional defects set up in the bill. In this conclusion of the learned circuit judge we concur. The proceeding by complainant in probate court was taken under section 8724, 3 Comp. Laws 1897, which provides:

"The guardian of any minor, spendthrift, insane or other person may be discharged by the judge of probate when it shall appear to him, on application of the ward or otherwise, that such guardianship is *no longer* necessary."

The application under this provision must, of necessity, assume the fact of guardianship. The statute designates only those who are under guardianship as the ones who are entitled to proceed under it. A proceeding under this section is therefore entirely inconsistent with a claim that no guardianship existed. The claim that no cause existed for appointing a guardian in the first instance, or that the court was imposed upon, if established in a proper proceeding, would have fixed the *status* of the complainant for the future, without the necessity of any proceeding under this statute. When such a proceeding is taken, it

must be held that it precludes the ward from going back and attacking the original appointment. To hold otherwise would admit of the ward obtaining relief piecemeal, — part in one court, and part in another.

The decree is affirmed, with costs.

The other Justices concurred.