CONLEY *v.* AUDITOR GENERAL.

123    83
d124   260,
123    83
s81NW  963

TAX SALES—REHEARING—RES JUDICATA.

A petition to the chancery court to set aside its decree for the sale of land for taxes, and to permit petitioner to come in and defend, because of the failure of the treasurer to resort to personal property for the collection of the tax, and because of a premature return of the tax warrant, is in effect an application for rehearing, and could be based only on errors in the proceedings in that court; and hence its dis-·missal is not *res judicata* as to the validity of a sale by the auditor general of the State's interest in the land, which was bid off to it for the amount of the tax, which sale is void, not because of any defect in the proceedings of the chancery court or invalidity in its decree, but because of the failure of the purchaser to pay the subsequent taxes which had become a lien on the land, as required by section 84 of the tax law of 1893.

*Mandamus* by Catherine Conley and others to compel Roscoe D. Dix, auditor general, to set aside a sale of State tax land, and to issue a deed therefor to relators. Submitted January 3, 1900. Writ granted February 20, 1900.

*Bacon & Yerkes*, for relators.

*Horace M. Oren*, Attorney General (*Dwight N. Lowell*, of counsel), for respondent.

MONTGOMERY, C. J.    This is an application for a *mandamus* to require respondent to set aside a sale of lands and to issue a deed to relators. The relators are in actual possession of the land which is the subject of the controversy. At the sale in December, 1896, this land was bid off to the State for the taxes of 1894. On the 12th day of February, 1897, Alexander McMillan and Charles Cannell filed an application with the auditor general for the pur-

chase of this land, and' paid the auditor general at that time the sum of $10.79, the amount of the State bid, together* with interest thereon, and received from the auditor general a certificate of purchase of the same. At the time McMillan and Cannell purchased this land, the taxes of 1896, amounting to $6.09, were unpaid, and were a lien upon the land. These taxes remained unpaid until the 1st of March, 1897, at which time the relator Catherine Conley paid the same to the township treasurer, and received a receipt therefor. On the 25th day of October, 1899, relators applied to the auditor general to purchase said lands for the taxes of 1894, and at the time of such application filed the receipt for the taxes of 1896, and paid to the auditor general the sum of $15, being the whole amount necessary to purchase said lands for said taxes assessed thereon in 1894, as they were informed by said auditor general, and requested the auditor general to issue a certificate of error canceling the certificate of purchase issued to said Alexander McMillan and Charles Cannell, and any deed which may have been issued thereon, and to issue a deed of said lands to relators. On the 6th of November, 1899, the auditor general refused relators' application, basing his refusal upon the fact that the relators were barred by the decision rendered by this court in the case of *Conley* v. *McMillan*, 120 Mich. 694 (79 N. W. 909). Respondent in his answer admits all the foregoing facts, and alleges that the *mandamus* should not be granted, for the reason that the relators filed a petition in the circuit court for the county of Macomb, in chancery, to set aside the decree in said cause, and that, on the appeal from the circuit court to this court, the petition was dismissed, and that such proceedings were an adjudication, and were conclusive and binding upon all parties, and estop relators, as well as respondent, from questioning the title for any cause known or existing at the time such petition was presented to the said circuit court.

It is clear that the sale to McMillan and Cannell was void under the holding in *Hughes* v. *Jordan*, 118 Mich.

27 (76 N. W. 134), and the relators are entitled to the relief prayed, unless the question is *res judicata* by the decision in *Conley* v. *McMillan, supra.* That case was a petition filed by relators in the circuit court for the county of Macomb, in chancery, to set aside the decree of that court made in the matter of the petition of the auditor general of the State of Michigan for the sale of certain lands for the taxes of 1894, and to permit the relators to come in and defend, for two reasons, viz.: (1) Because the treasurer failed to resort to personal property on the premises for the collection of the tax; and (2) because the warrant for the collection of taxes was returned to the county treasurer on February 26th, instead of March 1st. This petition was granted by the circuit court, but was dismissed by this court, thereby affirming the validity of the decree. This petition was, in effect, an application for rehearing, and could only be based upon errors in the proceedings in the circuit court for the county of Macomb, in chancery, and nothing except such errors would be within the jurisdiction of the court in such a proceeding. The effect of the dismissal of the petition was simply to affirm the proceeding had in the circuit court for the county of Macomb, and could have no effect whatever upon the proceedings taken by the auditor general subsequent to the sale by the county treasurer, as the validity or invalidity of the decree of the circuit court for the county of Macomb would have no bearing whatever upon such sale. It would have been impossible for the relators to litigate the question of the validity of the sale by the auditor general to Alexander McMillan and Charles Cannell in the petition filed in the circuit court for the county of Macomb, in chancery, as that was a matter over which the circuit court would have no jurisdiction on the application for a rehearing. The only question before the circuit court on that application was as to the regularity of the proceedings in that court. While the dismissal of the petition of relators by this court, in the case of *Conley* v. *McMillan,* might foreclose the relators as to any

irregularity in the proceedings prior to the decree, it could have no effect whatever on their right to question the validity of the sale made by the auditor general subsequent to such decree.

A question entirely analogous was ruled in *Bonker* v. *Charlesworth*, 33 Mich. 81, which was an action of ejectment where the plaintiff attacked the validity of a mortgage foreclosure, and it was objected by the defendant that he was estopped from so doing by virtue of a decree rendered in the circuit court in chancery in a suit brought by the plaintiff to contest the validity of the mortgage on the ground of fraud. It was said:

"Looking into the record of the chancery suit, it is apparent that the regularity of the foreclosure was not put in issue or contested. * * * The question whether the plaintiff was legally bound to have brought the proceedings into the chancery suit is one of more difficulty, but, on reflection, we are not satisfied he has lost the right to dispute them by the failure to do so in that suit. The validity of the mortgage and the regularity of the foreclosure are not necessarily connected. They present different controversies altogether. They do not stand in relation to each other as two distinct grounds of invalidity in the mortgage would; for then the controversy would be one, however numerous might be the grounds of reliance. Suppose one were to file a bill to set aside a judgment as having been obtained by fraud; could he, if he failed in that suit, be debarred from contesting at law a void sale on execution, because he had failed to put it in issue in his chancery suit? We think not. And the reason would be the same there as here: The validity of the sale was neither attacked in the suit in equity, nor were the proceedings necessarily in any way involved in that controversy."

The sale from the auditor general to Alexander McMillan and Charles Cannell is void, not because of any defect in the proceedings had in the circuit court for the county of Macomb, in chancery, nor because the decree is invalid, but because no legal sale of the State's title to this land has been made by him to Alexander McMillan and Charles Cannell. In other words, the title to this

land is still in the State, and subject, under the decisions of this court, to purchase by the relators at the auditor general's office, for the reason that Alexander McMillan and Charles Cannell did not pay to the auditor general the taxes of 1896, which, it is conceded, were a lien on the lands at the time they purchased.

The writ will issue as prayed.

The other Justices concurred.