SAYERS v. AUDITOR GENERAL.

TAXATION—SETTING ASIDE DEED—MANDAMUS—RES JUDICATA.

A decree dismissing a bill to set aside a tax deed because of certain defects in the decree of sale, brought against the holder of such deed and the auditor general, is a bar to a subsequent application by complainant for a writ of *mandamus* to compel the auditor to cancel such deed because of other defects in the tax proceedings,—*e. g.*, the failure of the court to remain in session for five days after the day fixed for hearing the auditor's petition and before the entry of the decree.

*Mandamus* by Sidney Sayers to compel Roscoe D. Dix, auditor general, to cancel a tax deed. Submitted January 31, 1900. Writ denied May 18, 1900.

Relator, who has become the owner of the land in dispute by a mortgage-foreclosure sale, filed the petition in this case November 1, 1899, to compel the auditor general to annul and cancel a tax deed on the same land, issued to William O'Connor by the auditor general in 1896 for the taxes of 1894. In the order to show cause it was ordered that a certified copy of the petition, affidavits, and order be served upon William O'Connor, who is the real party in interest, and on whose behalf the brief is filed. Virtually he has been allowed to intervene and defend the suit. On May 3, 1898, relator filed a petition in the original case instituted by the auditor general to foreclose the tax liens, asking leave to file a bill of review. This was granted. The bill was filed against O'Connor and the auditor general. Both answered. The case was heard on pleadings and proofs taken in open court, and on September 7, 1898, decree was entered against the complainant dismissing the bill. The bill alleged ten reasons against the validity of the decree. Relator appealed his case to this court, and that decree is affirmed in an opinion filed herewith. *Sayers* v. *O'Connor, ante,* 256 (82 N. W.

1044). The reason now urged by relator for the certificate of error annulling the deed is that the circuit court in chancery was not in session for five days subsequent to the day fixed for the hearing and before the decree was rendered. This reason was not one of the ten alleged in the bill in equity. Respondent contends that the chancery suit is a bar to this proceeding.

*Bacon & Yerkes*, for relator.

*Horace M. Oren*, Attorney General (*Thomas, Cummins & Nichols*, of counsel), for respondent.

GRANT, J. (*after stating the facts*). The object of the two suits is the same, namely, the cancellation of the deed. It is the general rule that a party cannot split his cause of action, and bring suits in detail. This case is a splitting of reasons, rather than of a cause of action. The parties are the same; the cause of action, viz., an invalid deed, is the same; the object sought for, viz., the cancellation of the deed, is the same. It cannot be denied that relator might have included in his chancery suit the same reason that he now urges in this proceeding. There should be an end of litigation, and when a party proceeds in chancery to procure the annulment of a deed he must allege and show his reasons. He must set forth all the reasons he has against the validity of the deed. He cannot allege one reason, have that determined against him, and then bring suit for another reason. See *Cornett* v. *Cornett*, 122 Mich. 685 (81 N. W. 920).

The cases cited by counsel for relator do not apply. In *Conley* v. *Auditor General*, 123 Mich. 83 (81 N. W. 963), it was insisted that the case of *Conley* v. *McMillan*, 120 Mich. 694 (79 N. W. 909), was a bar to the proceeding. That case did not involve proceedings subsequent to the decree. Neither does this. The deed in *Conley* v. *Auditor General* was held void because of illegality in the sale itself after decree. It is not sought in this proceeding to annul the deed because of proceedings subse-

quent to the sale, but of a defect before the decree was made. The situation, then, is this: The decree in the proceedings taken by the auditor general is held valid in the case handed down herewith, and, if we sustain the relator's position in this case, we declare it invalid. Is it consistent to enter a decree in chancery holding the deed valid, and at the same time enter a judgment in a proceeding at law declaring it void? *People* v. *State Treasurer*, 24 Mich. 468, is not in point. The parties were not the same. The case pending in another court was not claimed to operate as a bar. Speaking of the bill that had been filed in the United States circuit court, this court said that its "purpose was so clearly in violation of legal principles that we cannot hesitate to regard it as one over which the court where it is pending will not assume jurisdiction to grant relief." In *Joslin* v. *Millspaugh*, 27 Mich. 517, the question arose under the foreclosure statute. It was held that, while the statute prohibited proceedings at law for the recovery of the debt while the foreclosure suit was pending, the question permitting such proceedings was to be determined by the chancery court, and not in the suit at law. In *People* v. *Wayne Circuit Judge*, 27 Mich. 406 (15 Am. Rep. 195), many cases are cited, and the question fully discussed as to the practice where more than one suit is pending. The question there was whether an adverse decision in an action *in rem* against a vessel in an admiralty court was a bar to a suit *in personam* in a State court to recover for the same services sought to be enforced by the proceeding *in rem*. *Goodrich* v. *White*, 39 Mich. 489, is another case arising under the foreclosure statute. The above are the cases cited to sustain relator's contention.

In *State* v. *Patterson*, 11 Neb. 266 (9 N. W. 82), the application was for the writ of *mandamus* to compel a county treasurer to execute certain tax deeds. To this application answers were filed setting up the pendency of actions in other courts to have the action in the tax proceedings declared void. The court say:

"It appears that tax deeds have already been issued to the relator for the lands in controversy, and that the actions referred to in the answers were instituted for the purpose of setting aside said deeds and the proceedings upon which they are based. This being the case, this court will not entertain jurisdiction. To do so would be oppressive. The cases are pending in a court having jurisdiction of the subject-matter and the parties."

Where one has instituted *quo warranto* proceedings to test his title to an office, *mandamus* will not lie to induct him into office during the pendency of an appeal in the *quo warranto* proceeding. *Hannon* v. *Commissioners of Halifax*, 89 N. C. 123.

In *Hardcastle* v. *Railroad Co.*, 32 Md. 32, a suit in equity was pending for an injunction, discovery, and general relief for the identical causes of complaint contained in the petition for a *mandamus*. The court say:

"That it [the writ of *mandamus*] will not be granted if the party has another adequate and specific remedy is fully supported by authority. It is not, however, a sufficient answer to an application for a *mandamus* that the party might have redress in a court of equity; for, when the writ is refused because there is another specific remedy, that remedy must be at law. Tapp. Mand. (*m*) 22, and note *k*; Mos. Mand. 18; *People* v. *Mayor, etc., of New York*, 10 Wend. 393; *Proprietors of St. Luke's Church* v. *Slack*, 7 Cush. 226. But the rule is otherwise if the party asking for the writ has, before that time, gone into a court of equity, and there instituted proceedings under which all the relief may be obtained that is asked for in an application for a *mandamus*."

The same rule was held in *People* v. *Wiant*, 48 Ill. 263; *People* v. *Common Council of Chicago*, 53 Ill. 424; *People* v. *Warfield*, 20 Ill. 159; *Swartz* v. *Large*, 47 Kan. 304 (27 Pac. 993). There may be an exception to this rule in extraordinary cases. *People* v. *Salomon*, 51 Ill. 37, 55.

The writ is denied.

The other Justices concurred.