HANCHETT *v.* AUDITOR GENERAL.

TAX DEEDS—VALIDITY—MANDAMUS—RES JUDICATA.
A decree for complainant in a suit brought to quiet title under a tax deed is a bar to a subsequent application by a devisee of a defendant in such suit for a writ of *mandamus* to compel the auditor general to cancel such deed.

*Mandamus* by Bessie H. Hanchett to compel Roscoe D. Dix, auditor general, to cancel a tax deed. Submitted March 27, 1900. Writ denied June 5, 1900.

*Bundy & Travis*, for relator.

*Horace M. Oren*, Attorney General (*Walter I. Lillie*, of counsel), for respondent.

MOORE, J. This is an application for a writ of *mandamus* to compel the respondent to cancel a certain tax deed for the taxes of 1893. The relator claims to be the owner of an undivided one-half of lot 1, being a part of the northwest fractional quarter, of section 29, township 8 north, of range 16 west, by virtue of the provisions of a will made by Luman Jenison, who, she claims, was the owner of the original title. The return of the respondent denies that the relator is the owner of said interest, and claims that it is owned by Stephen L. Munroe. He denies that Mr. Jenison was ever the owner of the original title to said land. There being a question, then, about the

title of the relator to the land, irrespective of the questions growing out of the tax deed, it is exceedingly doubtful whether the question of title can be tried in this proceeding.

There is another reason, however, why the writ ought not to issue. The pleadings show that Stephen L. Munroe obtained tax deeds to the lands for the taxes of 1893 and other years. It is one of these deeds that relator desires to have canceled. After he obtained these tax deeds, Mr. Munroe, claiming to be the owner of the land in controversy, filed a bill in the circuit court of Ottawa county, in chancery, against certain defendants (among others, the Luman Jenison who willed the property to the relator), for the purpose of removing the cloud to his title, and settling the title to the land. Mr. Jenison, as well as other defendants, answered to the bill of complaint, disputing the title of complainant, and claiming to be owners of the land themselves. The cause was heard upon pleadings and proofs taken in open court. To make his case, the complainant introduced in evidence all the proceedings leading up to the sale for the taxes of 1893, and the deed issued by the auditor general. The regularity of these proceedings and the validity of the deed were directly involved in that proceeding. A decree was afterwards rendered by the circuit judge in favor of said complainant. The court had jurisdiction of the parties and of the subject-matter, and the questions involved in that proceeding were the same as those sought to be raised here. If Mr. Jenison, or the relator after his death, was not satisfied with that decree, they should have appealed therefrom. As was said in *Sayers* v. *Auditor General, ante,* 259, (82 N. W. 1045), there should be an end to litigation; and, when the disputed questions and the parties in interest are all properly before the court, the decree of the court must be regarded as conclusive, unless an appeal is taken therefrom.

The application for the writ will be denied.

The other Justices concurred.