THE BARBER ASPHALT PAVING COMPANY et al., Respondents, v. RICHARD H. FIELD et al., Appellants.

Kansas City Court of Appeals, October 1, 1906.*

1. RES ADJUDICATA: Two Actions: Merits: Issues: Judgment. Where two actions present the same parties, the same subject-matter and the same demand, a judgment on the merits of the first action constitutes an absolute bar to the second action, not only as to any matter which was received to sustain or defeat the demand, but as to any other admissible matter which might have been so received, since the cause of action is absorbed in the judgment, but this broad rule might not apply where the former action went off on some preliminary issue.

2. ——: ——: Reversal of Parties: Evidence: Law and Equity. Where the second claim differs essentially from the one merged in the former judgment, issues peculiar to it remain unaffected and only the issues common to both causes are res adjudicata; and the reversal of the parties, or whether the action is at law or in equity, cuts no figure provided both actions embrace the same issues and require the same evidence.

3. ——: ——: Taxbills: Law and Equity. A lot owner brought suit in equity to annul the lien of certain taxbills on his lots and was defeated in his action. In a subsequent action to enforce the lien of the taxbill by the owner thereof, held, he was estopped to set up a matter tending to destroy the lien of the taxbill.

*Appeal to U. S. Sup. Court, 203 U. S. 585, 51 L. Ed. 328.

4. ———: ———: ———: ———: **Ignorance.** While in a second suit a party may not be estopped to set up some issue of which he was unavoidably ignorant in the first suit, yet if information as to such issue might have been secured by examination of the public record, the ignorance is not unavoidable so as to defeat the application of the doctrine of *res adjudicata.*

5. ———: **Splitting Cause of Action.** In an action to set aside the lien of a taxbill the failure to set up an irregularity in the publication of the resolution declaring the necessity of the work, and then later setting it up in an action to enforce the lien of the taxbill is not a splitting of a cause of action, but of the issues material to the cause of action and therefore cannot defeat the effect of the judgment in the former action.

6. ———: **Mutuality: Taxbills: Lien.** In an action to set aside the lien of a taxbill the owner presented merely a negative defense in which he was successful and the judgment affirmed the lien. *Held,* the owner was not estopped to bring an action to enforce the lien, because he might have demanded its enforcement in the action to cancel the lien, since such holding would destroy the right adjudged in the former action.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune,* Judge.

Affirmed.

*W. M. Williams* and *R. H. Field* for appellants.

(1) The lack of an order of the board of aldermen of Westport, for the newspaper publication of the board's resolution declaring the necessity of the street pavement, is fatal to the validity of such publication and the special taxbills. Laws 1895, p. 86, sec. 95; R. S. 1899, sec. 5989; Higley v. Bunce, 10 Conn. 436; Pennsylvania Co. v. Cole, 132 Fed. 677; Dunnelly v. Tillman, 47 Cal. 40; Hummelman v. Saterlee, 49 Cal. 387; Reis v. Groff, 51 Cal. 86; City of Napa v. Easterly, 61 Cal. 509; Chase v. Treas. Los Angeles, 122 Cal. 545; Van Sant v. Portland, 6 Ore. 395; Merriman v. Knight, 43 Minn. 493; Thompson v. Sumner, 9 Wash. 310; Benton Co. v. Morgan, 163 Mo. 676. (2) The Westport

Board of Aldermen was required to cause the city clerk to make and keep a journal of its proceedings. Laws 1895, p. 69, secs. 21, 22; R. S. 1899, secs. 5914, 5915; Light & Water Co. v. Lebannon, 163 Mo. 354; Maupin v. Franklin Co., 67 Mo. 329; Kane & Co. v. School District, 48 Mo. App. 414; Edwards v. Berlin, 123 Cal. 545; Jones & Co. v. McAlpine, 64 Ala. 513; Pearson v. Supervisors, 71 Mich. 438; Stevenson v. Bay City, 26 Mich. 44; In re City of Buffalo, 78 N. Y. 362; Tracy v. The People, 6 Colo. 151; Merriman v. Knight, 43 Minn. 493. (3) The unauthorized publication of such resolution was not validated and could not be made valid by any supposed or intended ratification of the board of aldermen. In re City of Buffalo, 78 N. Y. 362; Gentle v. School Inspectors, 73 Mich. 40; Meuser v. Risdon, 36 Cal. 239; Stevens v. The People, 89 Ill. 338; Ryan v. Lynch, 68 Ill. 160; Buckley v. Tacoma, 9 Wash. 253; Rockman v. Ackerman, 109 Wis. 639; Barber v. Morris, 37 Minn. 194; Judevine v. Jackson, 18 Vt. 470; Langdon v. Poor, 20 Vt. 13; Warren v. Comrs., 181 Mass. 6; Clay v. Mexico, 92 Mo. App. 611; Dickey v. Holmes, 109 Mo. App. 721; Tarkio v. Clark, 186 Mo. 299; Railroad v. Powell, 104 Mo. App. 362. (4) The judgment in the other suit is not *res judicata* nor any estoppel in this case. Gedney v. Gedney, 160 N. Y. 475; Moran v. Plankington, 64 Mo. 337; White v. Smith, 174 Mo. 209; Edmonson v. Jones, 96 Mo. App. 83; Cunningham v. Cas. Co., 82 Mo. App. 607; Morrison v. Morrison, 142 Mass. 361; Teighen v. Drake, 101 N. W. 893; Hart v. Baty, 17 S. Car. 35; State v. McEldowney, 54 W. Va. 695, 47 S. E. 650; Traction Co. v. Railroad, 64 N. J. Eq. 588; Gas Co. v. Trees, 75 N. E. 2; Railroad v. Ashbrook, 146 U. S. 302; De Solar v. Hanscome, 158 U. S. 221; Dennison v. United States, 168 U. S. 241; Watch Co. v. Meyer, 29 Fed. 225; Linton v. Insurance Co., 104 Fed. 584; Payette v. Farrier, 20 Wash. 479; Spurlock v. Railroad, 76 Mo. 67; St. Joseph v. Rail-

road, 116 Mo. 637; Fritsch F. & M. Co. v. Goodwin Mfg. Co., 100 Mo. App. 414; Tootle v. Buckingham (Mo.), 88 S. W. 622.  See these authorities cited and quoted post page 52.  (5)  The difference of identity in the causes of action in the two suits in this: The other suit, filed in the Federal court, was R. H. Field's alleged cause of action to cancel the special bills.  The pending suit is to enforce the alleged lien of the special taxbills—the paving company's alleged cause of action. The two suits are, in no sense, *pro eadem causa.* Ingram v. Ingram, 75 Vt. 395; Garland v. Smith, 164 Mo. 22; Barkhoefer v. Barkhoefer, 93 Mo. App. 380; Fretsch v. Goodwin Mfg. Co., 100 Mo. App. 414; Dickey v. Heim, 48 Mo. App. 114; State v. McEldowney, 54 W. Va. 695; Gas Co. v. Trees, 75 N. E. 2; Sweenes v. Sprian, 120 Wis. 68; Lindeman v. Rusk, 104 N. W. 120; Land Mortgage Co. v. McDonnell, 93 Tex. 398; Vaughn v. Morrison, 55 N. H. 580; Linton v. Life Co., 104 Fed. 584; Werkmeister v. Tobacco Co., 138 Fed. 162; Harrison v. Paper Co., 140 Fed. 400; Moloney v. King, 30 Mont. 414; Oliver v. Oliver, 179 Ill. 9; Herman on Estoppel and *Res Judicata,* sec. 124; Hill v. Channing & Scott, 93 Mo. App. 620.  (6)  Mutuality of estoppel is indispensable to any estoppel of either party by judgment in a previous suit.  Bell v. Hoagland, 15 Mo. 360; Garrett v. Greenwell, 92 Mo. 124; Greenleaf on Evidence, sec. 524; Werkmeister v. Tobacco Co., 138 Fed. 163; Railroad v. Bank, 102 U. S. 22; Tregea v. Irrig. Dist., 164 U. S. 188; Goodnow v. Litchfield, 63 Iowa 282; Bulford v. Adell, 43 W. Va. 211; Bank v. Gibson, 104 N. W. 175.  The paving company could have foreclosed the alleged lien of the special taxbills by cross-bill or counterclaim in the other suit.  Greenwalt v. Duncan, 16 Fed. 612; Railroad v. Bank, 134 U. S. 276; Oil Co. v. Wilson, 142 U. S. 313; North British Co. v. Lathrop, 63 Fed. 508, 70 Fed. 420; Railroad v. United States, 168 U. S. 2; Offut v. John, 8 Mo. 120; Railroad v. Levy,

17 Mo. App. 510; King v. Chase, 15 N. H. 13; Railroad v. Power Co., 23 Utah 22. (7) The Federal court's jurisdiction in the other case was necessarily limited to the allegations and issues therein as to the legality of the special taxbills. Stokes v. Foote, 172 N. Y. 344; Springer v. Bien, 128 N. Y. 99; Bank v. Smith, 146 Cal. 398; State v. McEldowney, 54 W. Va. 695; Waterhouse v. Levine, 182 Mass. 409; Graham v. Railroad, 3 Wall. 704; Harrison v. Nixon, 9 Peters 483; Reynolds v. Stockton, 140 U. S. 268; Windsor v. McVey, 93 U. S. 283; Werkmeister v. Tobacco Co., 138 Fed. 162; St. Joseph v. Railroad, 116 Mo. 637; Garland v. Smith, 164 Mo. 23; Bierer v. Fretz, 37 Kan. 27; O'Connor v. Varney, 10 Gray 231; Watkins v. Bank, 134 Fed. 36; Groton Bride Co. v. Brick Co., 136 Fed. 27; Easter v. Welling, 116 Fed. 100; Lumber Co. v. Lumber Co., 109 Fed. 411; Baird v. United States, 96 U. S. 430; Johnson v. Murphy, 17 Tex. 216; Swennes v. Sprain, 120 Wis. 68; Bank v. Gibson, 104 N. W. 174; Thompson v. Myrick, 24 Minn. 4; Gilbert v. Fish Co., 86 Minn. 365; Maloney v. King, 30 Mont. 414; White v. Savage, 94 Maine 138; Oliver v. Oliver, 179 Ill. 9; Hill v. Channing Scott & Co., 93 Mo. App. 620; King v. Campbell, 107 Mo. App. 496.

*Scarritt, Scarritt & Jones* for respondent.

(1) The equity suit in the Federal court was one to cancel the identical taxbills now in suit. Many grounds of invalidity were alleged in complainant's bill. The answer of the paving company alleged that the said taxbills "were then valid and subsisting liens against the lands described in complainant's bill." Complainant denied the allegations of the answer. The court adjudged that (1) said special taxbills were valid; (2) the bill in equity was dismissed; (3) the paving company recovered its costs and had execution. We submit that the uniform rule of the controlling author-

ities, both of the Federal and State courts, as shown by the decisions from which we will now quote, establishes this proposition. 1 Herman on Estoppel and *Res Judicata*, sec. 123, p. 131; Werlein v. New Orleans, 177 U. S. 390; Ruckman v. Railroad, 45 Or. 578, 78 Pac. 748; Donnell v. Wright, 147 Mo. 646; Viertel v. Viertel, 99 Mo. App. 710; Nail Company v. American S. L. B. Co., 74 Fed. 864; Breeze v. Haley, 11 Colo. 351, 18 Pac. 551; Pennock v. Kennedy, 153 Pa. St. 579, 26 Atl. 217; Wagoner v. Wagoner, 76 Md. 311, 25 Atl. 338; Railroad v. Bullard, 89 Ia. 749, 56 N. W. 498; Pennell v. Felch, 55 Kan. 78, 39 Pac. 1023; Wildman v. Wildman, 70 Conn. 700, 41 Atl. 1; Sayers v. Auditor General, 124 Mich. 259, 82 N. W. 1045; Cornett v. Cornett (Mich.), 81 N. W. 920. (2) There is no specific finding that the board of aldermen did not cause that resolution to be published. Pennell v. Felch, 55 Kan. 78, 39 Pac. 1023; Railroad v. Frye, 66 Kan. 296, 75 Pac. 525; Eklund v. Martin, 87 Minn. 441, 92 N. W. 406. (3) There is no merit in appellants' contention that because the paving company did not file the counter-claim and ask for judgment to enforce the lien and collection of these taxbills in the equity suit, it is now to be prohibited from maintaining these actions. Mason v. Summers, 24 Mo. App. 182; Wright v. Salisbury, 46 Mo. 26; Patillo v. Martin, 107 Mo. App. 653; Tobener v. Hassinbusch, 56 Mo. App. 591; Barkhoefer v. Barkhoefer, 93 Mo. App. 381; Ferguson v. Epperly (Ia.), 103 N. W. 95; Rosenow v. Gardner, 99 Wis. 358, 74 N. W. 982; Baker v. Morehouse, 48 Mich. 334, 12 N. W. 170; Robbin v. Harrison, 31 Ala. 160; Axtel v. Chase, 83 Ind. 546; McEwen v. Bigelow, 40 Mich. 215; Uppfalt v. Woreman, 30 Neb. 189, 46 N. W. 419; Hall v. Clark, 21 Mo. 415; Wright v. Broome, 67 Mo. App. 32; Short v. Taylor, 137 Mo. 517; Foote v. Clark, 102 Mo. 394; Grady v. McCorkle, 57 Mo. 172; Freeman on Judg., sec. 277.

JOHNSON, J.—This action was begun on January 8, 1900, to enforce four special taxbills issued by the city of Westport, a city of the fourth class, on account of the paving of Baltimore avenue. The bills were issued and delivered to plaintiff on November 20, 1897, and in December following, the territory included within the corporate limits of Westport was incorporated with Kansas City by an extension of the limits of the latter city, and the corporate existence of Westport *ipso facto* ceased.

The validity of the bills is attacked in the answer on a single ground. The laws governing cities of the fourth class in force at the time the improvement was made and during the period covered by the preliminary steps (section 95, Session Acts 1895, page 86), provided that: "When the board of aldermen shall deem it necessary to pave . . . any street . . . within the limits of the city for which a special tax is to be levied as herein provided, the board of aldermen shall by resolution declare such work or improvement necessary to be done and cause such resolution to be published in the city for two consecutive weeks," etc. It is admitted the resolution declaring the improvement to be necessary was duly passed, but it is alleged in the answer and the circuit court found that the board of aldermen did not cause it to be published. In its reply plaintiff put this defense in issue and pleaded as an estoppel a judgment rendered in a former suit between the same parties involving the same issue.

It was disclosed at the trial that defendants shortly after the taxbills were issued brought a suit in equity against plaintiff in the circuit court of the United States for the Western District of Missouri, the object of which was to obtain a decree cancelling these and other special taxbills issued by the city of Westport for the paving of Main and Wyandotte streets and removing the cloud cast by these bills over the title of defendants to real

estate owned by them which abutted on these streets. The relief sought in that action was based on the claim that the taxbills were invalid and five grounds were asserted in support of that claim, but the defense interposed in the present action was not included among them nor at any time made an issue in that case. In the judgment rendered the circuit court sustained the validity of the taxbills issued for the paving of Main street and Baltimore avenue, but held invalid the bills issued for the paving of Wyandotte street. [Field v. Barber Asphalt Paving Company, 117 Fed. 925.] Both parties appealed to the Supreme Court of the United States where, all of the bills were adjudged valid and the bill of equity was ordered dismissed. [Field v. Paving Co., 194 U. S. 618.]

In the present case the learned trial judge sustained the taxbills and entered judgment accordingly from which defendants appealed.

Defendants must admit that their right to the relief sought in the equity case depended for existence on the validity of the taxbills and the irregularity now interposed as a defense would have been a proper issue in that case had it been presented, but they endeavor to excuse their failure to litigate that issue by showing their lack of knowledge of the existence of the irregularity during the pendency of that suit. We will ignore for the present the effect of this want of knowledge on the question of *res adjudicata* and first will consider that subject as being unaffected by it. So regarding it the question falls squarely within the principles applied by the Supreme Court in the case of Donnell v. Wright, 147 Mo. 639. In that case the defendant in an ejectment suit brought by the holder of a tax deed had himself prosecuted an action in equity against his adversary to cancel the tax deed and remove the cloud thereof from his title, and in his petition had attacked the validity of the deed upon six different grounds.

One of these he abandoned and the remaining five constituted the issues on which the case was tried. The validity of the deed was sustained and the holder thereof brought suit in ejectment whereupon the defendant brought forward as a defense the ground of attack on the deed which had been abandoned in the former suit. The Supreme Court sustained the plea of *res adjudicata* holding that such pleas apply "except in special cases not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation and which the parties exercising reasonable diligence might have brought forward at the time."

The close resemblance between the facts of that case and the one in hand is apparent and the principles therein followed and applied likewise should be applied here, unless we find that the Supreme Court has repudiated them in a later decision. Such is the effect defendants claim for the decision of that court in Tootle v. Buckingham, 190 Mo. 183, where it is said: "It is not the doctrine in this State that every possible issue that might have been tried under the pleading in a given case is conclusively presumed to have been tried and the matter become *res adjudicata*. Only the matters that were actually considered by the court are settled by the judgment. For our rulings on this point see cases cited in the brief of respondents." The cases to which the court referred are Snodgrass v. Moore, 30 Mo. App. 232; Bell v. Hoagland, 15 Mo. 360; Hickerson v. City, 58 Mo. 61; Spradling v. Conway, 51 Mo. 51; Garrett v. Greenwell, 92 Mo. 120; Baldwin v. Davidson, 139 Mo. 118. The principle followed in those cases is well expressed in this quotation from the opinion in Garrett v. Greenwell, supra: "A judgment in order to be a bar to further litigation must not have been rendered on some mere preliminary ground as *ex gr.,* upon

a plea in abatement or the like; the case must have gone to a full and complete termination so that nothing is left unsettled as to the rights of the parties litigant, or the extent of those rights. In a word the judgment must have been final and rendered on the merits of the cause. [Bigelow on Estoppel (3 Ed.), 29, 32, 33; Freeman on Judgments (3 Ed.), sec. 260.] This, as will be seen from the authorities, is elementary law."

In the Tootle case the judgment pleaded as an estoppel had been rendered in Kansas in an action brought by the agent of Tootle, Lemon & Co., in his own name, who, as the holder for collection of promissory notes belonging to his principals, sued in replevin to recover possession of certain cattle mortgaged by the maker of the notes to secure their payment. The Kansas Court refused the application of Tootle, Lemon & Co., for leave to interplead in that case and without inquring into the merits of their title to the cattle, held that their agent could not prosecute the action in his own name. The Supreme Court in effect held, that the causes of action presented in the two cases were entirely different and as the merits of the cause asserted in the second suit were held by the Kansas Court, to be extrinsic to the issues properly belonging to the case before it, the judgment rendered in that case absorbed by merger no other cause than the one actually litigated. Notwithstanding the sweeping character of the declaration, "only the matters that were considered by the court are settled by the judgment," the context made it clear enough that the principle embodied therein was not intended to be applied to all cases of estoppel by former judgment, but only to cases where the second action presents an essentially different claim or demand from that involved in the former suit. So construed the Tootle and Donnell cases are in harmony with each other and with the great weight of authority and are declaratory of these principles.

Where the two actions present the same parties (or their privies), the same subject-matter and the same claim or demand, a judgment in the first action, if rendered on the merits, constitutes an absolute bar to the second action. "It is a finality as to the claim or demand in controversy concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand but as to any other admissible matter which might have been offered for that purpose." [Cromwell v. County of Sac, 94 U. S. 351; Dickey v. Heim, 48 Mo. App. 114; Barkhoefer v. Barkhoefer, 93 Mo. App. 373; Viertel v. Viertel, 99 Mo. App. 710; Ruckman v. Union Railway, 45 Ore. 578; Empire State Nail Co. v. American, etc., Co., 74 Fed. 864; Mining Co. v. Mining Co., 157 U. S. 683; Pennock v. Kennedy, 153 Pa. St. 579; Linderman v. Rusk, 125 Wis. 210; Sayers v. Auditor, 124 Mich. 259; Des Moines v. Railroad, 89 Ia. 749; Traction Co. v. Railroad, 64 N. J. Eq. 588; 1 Herman on Estoppel and *Res Adjudicata*, sec. 123; 3 Current Law, 1479 *et seq.*] A reason assigned by some writers in support of the rule is found in the common law maxim that no one should be twice vexed for the same cause, but another reason equally as strong is that a judgment on the merits destroys by absorption the cause of action and as the whole is equal to the sum of all of its parts, so a cause of action embodies all of the issues that may properly arise under it and its destruction means their destruction so that when the cause passes into a judgment the issues become non-existent and cannot be resuscitated.

But when the claim or demand in the second suit differs essentially from that merged in the former judgment the issues peculiar to it remain unaffected by the judgment, and only those issues common to both causes which were actually litigated in the former suit become *res adjudicata* by the judgment rendered therein.

[Cromwell v. County of Sac, supra; Barkhoefer v. Bark-hoefer, supra; Garland v. Smith, 164 Mo. 1; Werlein v. New Orleans, 177 U. S. 390; Nesbitt v. Riverside District, 144 U. S. 610.]

In the determination of the question of whether in a given case the two actions involve the same claim or demand, it is not at all essential that the parties should sustain the same relation to each other as plaintiff and defendant. Their positions may be reversed in the second suit and yet the demands be the same. The test questions to be answered are these: Will both actions embrace the same issues; require the same evidence and though different in form, call for substantially the same result? If these questions may be answered in the affirmative, the claims are the same though one action may be in equity and the other at law and the plaintiff in one may be the defendant in the other.

The cause of action in the equity suit was the alleged wrongful assertion by the defendant in that action (plaintiff here) of a lien against the property of the plaintiffs (defendants here) under invalid taxbills. The foundation of the right to the relief sought—the cancellation of the bills—was their invalidity, that is their insufficiency in fact and in law to establish the lien they purported to create. The plaintiffs there were bound to bring forth their whole case. Any ground on which the validity of the bills could be assailed was a proper issue and being such became merged in the judgment rendered. Can it be doubted that the plaintiffs there would have been estopped by the judgment from bringing a second suit in equity to cancel the taxbills on a ground of invalidity not made an issue in the former suit? Clearly not, and if they were barred from obtaining affirmative relief, on what principle should they be permitted in an action brought to enforce the lien to reopen the case and relitigate the question of the validity of a lien already established by

judgment pronounced against them on that identical issue. The claim of defendants is the same in both cases, for in the present case they seek to defend their property against the lien on the ground of its invalidity which as we have shown was the very claim asserted in the equity case. And should the claim of invalidity now interposed as a defense be accepted, the substantial result would be the same as that sought in the former suit—the destruction of the taxbills as a lien against defendants' property so that in the two actions we find identity of parties, subject-matter, pertinent issues and claim or demand, and these comprise all of the elements required for the application of the rule followed in the Donnell case and necessitate the holding that the particular issue now raised was finally settled by the former judgment.

Defendants contend that the fact they did not know of the existence of the alleged irregularity in the publication of the resolution until after judgment was rendered in the equity case saves that issue from extermination. In Moran v. Plankinton, 64 Mo. 337, the Supreme Court announced an exception to the general rule that prohibits a party from splitting his cause of action and making each part the subject of an independent suit. The exception is stated in this paragraph of the opinion: "Now it is quite obvious that such prohibition presupposed knowledge of the constituent elements of the cause of action sought to be unwarrantably divided. If this be true and it be true that the law does not require what is impossible, then it must needs follow that a party should not be precluded in consequence of a former action, if such action were brought in unavoidable ignorance of the full extent of the wrongs received or injuries done. Any other conclusion would be reached only through sanctioning the rankest injustice." If this rule could be applied to the case in hand it would avail nothing to

defendants since it does not appear that their ignorance of the fact was unavoidable. The board of aldermen kept a record of the proceedings of that body which was open to the inspection of defendants and had they examined it before bringing the equity suit, as they did afterwards, the fact that the board made no formal order directing the publication would have been ascertained. It is clear defendants' ignorance of the fact was avoidable and resulted from their failure to exercise reasonable diligence to learn the facts material to their case.

Further it may be said this is not a case of splitting a cause of action, but of splitting issues not necessarily elemental to the cause, but material to it. [Sayers v. Auditor General, 124 Mich. 259.] Despite the fact under consideration the rule that requires a party to present his whole case should be enforced.

Finally it is urged by defendants that as estoppels are mutual and the holder of the taxbills, by cross-bill could have foreclosed its lien in the equity case it is estopped from enforcing that lien in an independent suit. Conceding for argument that the lien might have been foreclosed in that action, the defendant therein was not bound to ask for affirmative relief. The contest there was over the validity of the lien and did not necessarily involve the question of the owner's right to have it enforced at that time. The extent of the adjudication was that the owner of the bills had a valid and subsisting lien on defendants' property and to say that the lien cannot be enforced would nullify the judgment and deprive plaintiff of the very right the judgment gave it. Thus to construe away an adjudged right would be violative of every principle of reason and justice.

The judgment is affirmed. All concur.