### AUDITOR GENERAL *v.* McCALL.

1. JUDGMENTS—RES ADJUDICATA—DRAINS—TAXATION.

   A decree in equity determining the validity of a drain tax is *res adjudicata* in subsequent proceedings for the sale of the land for unpaid taxes, when the same ground of objection to its validity was set up by the owner in his pleading in the prior suit.

2. SAME—CONCLUSIVENESS AS TO DEFENSES.

   A party is concluded by a judgment determining the validity of a tax with respect to all reasons which he might have urged against it.

Appeal from Eaton; Smith J. Submitted October 22, 1909. (Docket No. 149.) Decided December 30, 1909.

Petition by Oramel B. Fuller, auditor general, against Lyman H. McCall for the sale of certain land delinquent for taxes. From a decree dismissing the petition, petitioner appeals. Reversed, and decree entered for petitioner.

*Russell R. McPeek*, for petitioner.

*Garry C. Fox* and *Lyman H. McCall*, for defendant.

MONTGOMERY, J.   The petition of the auditor general for a decree ordering the sale of lands for delinquent taxes, filed in February, 1909, included a prayer for a sale of the lands of the defendant for delinquent drain taxes amounting to $427.20.   The defendant, the owner of these lands, objected to the tax on the ground that the notice of letting the contracts for the construction of the drain was insufficient, as 10 days had not elapsed before the last date of publication of notice of letting the contracts, and as proof of such publication was not before the drain commissioner on the date of letting.   It appears that the defendant appeared before the drain commissioner on the date of letting, and objected to the proceedings. Subsequently a bill was filed by defendant and another to restrain the completion of the drain.   Among the grounds set up as sustaining the complainant's claim was the following :

"They say that they nor neither of them was served with any notice whatever of the time when and the place where said jobs were to be let, nor the time when or the place where the assessments of benefits for the alleged completion of said drain were to be reviewed.   But having learned of such attempt on the part of the commissioner, your orator, Samuel Pollock, appeared before said commissioner by his solicitor, Garry C. Fox, your orator, Lyman H. McCall, appearing in person."

The different methods of service are pointed out by the statute.   Where the party resides in the township, personal service of notice is required, and, as to nonresidents, a published notice is required.   It is very clear that this averment in the bill negatived any legal service of notice whatever.   That case was tried through to a conclusion, and a decree rendered dismissing the bill.   It is now contended that this determination is *res adjudicata,* and that defendant is not in a position to again raise the questions presented by that bill of complaint.   We think this contention should prevail.   Not only is it the rule that a party may not split his cause of action, and should include

in his suit all the reasons which he has to urge against the validity of a tax when he assails it (*Sayers* v. *Auditor General*, 124 Mich. 260 [82 N. W. 1045]), but we find that this precise objection was, under proper averment of the bill, made a ground of complaint, namely, the want of notice. As before stated, the averment that no notice whatever was served was as to the nonresident complainant in that suit, the defendant in this, a sufficient averment that proper notice had not been given by publication. It averred the very matter which is now asserted as a defense here. It must be held that the defendant has had his day in court, and that he cannot now relitigate that question.

The circuit judge, while expressing doubt as to his conclusions, held this tax void. That decree will be reversed, and a decree entered here for the amount of the tax, and the case remanded for further proceedings.

GRANT, OSTRANDER, MOORE, and McALVAY, JJ., concurred.