JOHN BECK, Relator, *v.* ALBERT JACKSON, Respondent.

43  117
37a 333
43  117
123 539
43  117
133 166

1. *Courts — Clerk — Office of — Mandamus — When it will issue — Quo warranto, when a proper remedy.*—Where a person had been duly commissioned and appointed by the governor of this State, under section 22, article IV, constitution of Missouri, to the office of circuit clerk, to fill a vacancy caused by the death of the previous incumbent, and the judge of the court of which he had been appointed clerk refused to receive his bond as clerk: *held,* that the commission issued by the governor was at least *prima facie* evidence of title to the office, and a peremptory mandamus will issue to compel the judge of the court to perform the duties devolved upon him by law; and if the validity or legality of the commission should be disputed, the question can only be determined by a proceeding in the nature of a *quo warranto.*

## *Application for Mandamus.*

*H. M. Jones,* for relator.

I.  Section 8 of article V of the State constitution of Missouri vests in the governor the power, and imposes upon him the duty, when any office shall become vacant, and no provision is made by law for a different mode of appointment, to appoint a person to fill such vacancy.   This constitutional provision is directly applicable to the present case.   1.  L. Horsten, the recent clerk of the Cape Girardeau Circuit Court, was elected as such at the general election in 1866, and held, his said office for the term of four years from January 1, A. D. 1867.  (§ 22, art. VI, Const. Mo.) His death created a vacancy in said office of clerk.   2.  No provision was made by the general statutory law of the State for the filling of such vacancies.   3.  Section 8 of article V of the constitution is therefore applicable to the case.   It expressly confers upon the governor the power to fill vacancies in cases such as the present.   4.  The governor's commission to Mr. Beck as clerk to fill the vacancy is conclusive as to the appointment.

II.  It was the duty of Judge Jackson, on the application of Mr. Beck, to fix the amounts of Mr. Beck's bonds as clerk of the Circuit Court and as *ex-officio* recorder, and to approve such good and sufficient bonds as might be presented to him.  (Gen. Stat. 1865, p. 154, § 5; p. 159, § 4.)  This, Judge Jackson refused to do, claiming, mistakenly, the right to fill the vacancy himself, and

announcing to Mr. Beck that he had already appointed Mr. Harrison as clerk, and put him in possession of the office.

III. Mandamus is the proper remedy for the wrong complained of.

WAGNER, Judge, delivered the opinion of the court.

The relator asks the court to issue a mandamus against Albert Jackson, judge of the Tenth Judicial Circuit, requiring him to proceed to approve his bonds as clerk of the Circuit Court and recorder for the county of Cape Girardeau. It appears that, at the general election in 1866, one Leopold Horsten was elected clerk of the said court, and was duly commissioned and qualified as such, and entered upon the discharge of his duties, and continued as such clerk until his death, on the 26th day of August, 1868; that on the 29th day of August, 1868, the governor of this State duly appointed and commissioned the relator clerk of said court, to fill the vacancy occasioned by the death of Horsten.

The relator requested the respondent to fix the amounts for which he should give bonds for the respective offices, which the respondent neglected to do. Two days after the decease of Horsten, the respondent appointed Nathan C. Harrison clerk of the court and *ex-officio* recorder, and approved his bonds and put him in possession of the office. On the 4th of September, 1868, the relator presented to the respondent two bonds signed by himself and sureties — one conditioned for his faithful performance of the duties of circuit clerk, in the penal sum of six thousand dollars; the other for his performance of the duties of recorder, in the sum of two thousand dollars—and requested him to approve the same. This request respondent refused, and indorsed on each bond that he refused to approve the same for the reason that he had appointed Nathan C. Harrison to the respective offices, had already approved his bonds and put him in possession of the offices. It is now contended by the respondent that the relator has no standing in the court; that before he can invoke the writ of mandamus he must establish his right to the office at law. But this is not a proceeding asking to be inducted into the office; it is merely a demand that the respondent shall proceed to perform a duty

devolved on him by law; and for a refusal or neglect to perform, the relator is remediless unless the court issues the writ. The commission issued by the governor was at least *prima facie* evidence of title to the office, and, if its validity or legality should be disputed, that question can only be determined by a proceeding in the nature of a *quo warranto*, in case Harrison refuses to surrender the office.

A peremptory mandamus will be ordered. The other judges concur.