HARRY SKINNER and others v. THEOPHILUS BLAND.

*Judge of Superior Cour..*

A judge of the superior court has no power to entertain a motion in a
cause, which by appeal is in the supreme court.
(*Isler* v. *Brown*, 69 N. C., 125, cited and approved.)

MOTION to set aside a judgment, heard at Spring Term,
1882, of PITT Superior Court, before *Gilmer, J.*

This is another motion made in the cause of *Shep-
pard* v. *Bland*, the preceding case, and to which reference
is made for the better understanding of the facts of this case.

After the motion of the defendant, Bland, to set aside the
execution, under which his land had been sold and pur-
chased by Skinner, had been heard at fall term, 1881, of the
superior court of Pitt county, and refused by the court, and
after the said Bland had taken an appeal and caused the
same to be docketed in this court, he served notice on Skin-
ner and the officers of the court, that at spring term, 1882,
he should move the court to set aside the order refusing his
motion to vacate the execution, and to grant him a new
trial.

Accordingly at spring term, 1882, he made such motion
before *Judge Gilmer*, and supported the same by his affida-
vit setting forth that after the trial had at fall term, 1881,
the same being before *Judge Shipp*, the plaintiffs had been
allowed to introduce evidence which was considered by the
court after the trial in the court house had closed, and
while the judge had the cause under consideration, of
which the defendant and his counsel had no notice, and
while in fact he and one of his attorneys were absent and
another one sick—thus taking him by surprise.

To this the plaintiffs replied by counter-affidavits, deny-
ing that any such evidence had been received after the trial

was closed, alleging on the contrary, that the evidence was all taken openly in the court house, and when the cause was regularly called for trial, and when, if the defendant or his attorneys were absent, it was their own fault.

His Honer Judge Gilmer refused to entertain the defendant's motion upon the ground that the cause by appeal was in the supreme court, and he had therefore no power to hear the motion or grant a new trial, and accordingly dismissed the defendant's motion, and he appealed.

No counsel for plaintiffs.

*Messrs. Strong & Smedes,* for defendant.

RUFFIN, J. His Honor's ruling is in itself manifestly correct, and is. fully. supported by the authority of *Isler* v. *Brown*, 69 N. C., 125, and for the very reasons assigned by him. There is no error.

No error.                                    Affirmed.