JOHN H. HANNON v. COMMISSIONERS OF HALIFAX.

*Mandamus—Quo Warranto, appeal in and effect of.*

A *mandamus* will not lie to induct one into office, during the pendency of an appeal in *quo warranto* between the same parties. The judgment of the court below in favor of the plaintiff is suspended by the appeal and the title to the office undetermined.

(*Bledsoe* v. *Nixon*, 69 N. C., 81; *Isler* v. *Brown*, *Ib.*, 125; *Perry* v. *Tupper*, 71 N. C., 380; *Skinner* v. *Bland*, 87 N. C., 168, cited and approved).

CIVIL ACTION in which application is made for the writ of *mandamus*, heard at Chambers in Halifax on the 10th of May, 1883, before *Philips, J.*

The application for the writ was refused, and the plaintiff appealed.

*Messrs. Mullen & Moore, Day & Zollicoffer* and *J. E. O'Hara*, for plaintiff.

*Messrs. Walter Clark* and *R. O. Burton, Jr.*, for defendants.

SMITH, C. J.    After the adjudication in the superior court in the action instituted by the plaintiff against the incumbent of the office of register of deeds, amoving him therefrom, and declaring the plaintiff entitled thereto, and from which the defendant had appealed to this court, the plaintiff laid a copy of the record of the judgment before the county commissioners,

and offered to take the oath and give the bond required by law, in order to his induction. The commissioners refused to act in the premises, upon the ground that the contest in regard to the office was still pending, and the right of the plaintiff yet undetermined.

The plaintiff thereupon brought this action against them, and in his complaint demands a writ of *mandamus* to compel them to admit him to the office.

Upon the hearing of the application, His Honor declined to order the issue of the writ, and from this ruling the plaintiff appeals.

The only question before us is as to the effect of the appeal upon the judgment in the court below, and whether thereby all further proceedings for its enforcement are suspended, or it remains still in force and warrants the present application.

The action to recover the usurped office, and to which this is subsidiary, seems not to be provided for in the several sections of the Code (304, 305, 306 and 307), which prescribe the undertaking to be given, and the acts to be done, in order that the appeal shall operate as a *supersedeas* in the case.

Execution is stayed on compliance with the conditions mentioned, when the judgment directs the payment of money (§304); or the assignment or delivery of documents or personal property (§305); or the execution of a conveyance or other instrument (§306); or the sale or delivery of possession of real property (§307). The judgment in a proceeding to recover possession of an usurped office, is self-executing, and operates itself as ouster of the defendant, requiring no further and final process to render it effectual.

It is not, therefore, embraced in any of the recited clauses, and has removed the defendant notwithstanding his appeal; in which case, *mandamus* is the appropriate remedy against the commissioners refusing to act upon the application for admission, or the judgment is vacated or suspended by the appeal.

Under the former practice every appeal bond was to secure the fruits in full of the final judgment in the appellate court to the appellee, in case it was there affirmed, and the cause was itself removed to the appellate court. So it has been repeatedly held under the system provided in the Code. *Bledsoe* v. *Nixon*, 69 N. C., 81; *Isler* v. *Brown, Ib.,* 125; *Perry* v. *Tupper,* 71 N. C., 380; *Skinner* v. *Bland,* 87 N. C., 168.

We do not feel at liberty to depart from these authorities, and especially in a proceeding in regard to which the Code is silent upon the point; and in accordance with them, the commisioners were not in default in declining to admit the plaintiff to the office *pendente lite,* and the suit for the peremptory mandate is premature.

We assume that the commissioners when apprised of the decision of this court in the action to test the conflicting claims of the parties to the office, will proceed at once to pass upon the plaintiff's bond and permit him to qualify according to law.

No error.                                    Affirmed.