P. K. HIPA *vs.* G. H. LUCE, Tax Collector.

MANDAMUS.

JANUARY TERM, 1886.

JUDD, C. J.; McCULLY and PRESTON, JJ.

Plaintiff, being exempt from personal taxes by reason of his member-
ship in a military company, demanded of the defendant, as Tax
Collector, a certificate bearing the words "qualified to vote,"
without which his vote at election for members of the Legislature
would not be received; defendant's answer was that, in accord-
ance with custom, he had given the certificate, with those of the
other members of the company, to the captain thereof.

On a petition for a writ of mandamus against the Tax Collector, held
that plaintiff was entitled to personally receive his certificate, and
that the Tax Collector, having made the captain of the company
his agent to deliver the certificate, was responsible for his neglect.

Writ issued.

THIS is a petition for a writ of mandamus. It alleges as fol-
lows:

"1. That he (petitioner) is a member of the volunteer military
company or organization known as 'The Queen's Own,' and was
a member of said company on July 1st, 1885.

"2. That he is of legal age, and entitled to vote for representa-
tives in the Legislative Assembly of the Kingdom, and that, by
reason of his membership of the said volunteer military organiza-
tion or company, he is by law exempt from the personal taxes as-
sessed by the Government.

"3. That he is entitled to a certificate from the above-named
George H. Luce, Tax Collector of Honolulu, in the nature of a
receipt for personal taxes, bearing the words 'Kupono i ke koho
balota,' or 'Qualified to vote.'

"4. That the fact of petitioner's membership of said 'Queen's
Own' military organization is well known to the said George H.
Luce, Tax Collector as aforesaid; that he has requested the said
G. H. Luce to issue to him (your petitioner) the said certificate in

the nature of a receipt for personal taxes as aforesaid, and that the said George H. Luce, Tax Collector, wholly refused and neglected, and still refuses and neglects to deliver the same unto your petitioner, contrary to the laws of this Kingdom and in violation of the duties of his office as such Tax Collector.

" Wherefore, the premises considered, your petitioner humbly prays that an order or writ of mandamus be issued out of and by this Honorable Court to the said George H. Luce, Tax Collector of Honolulu, by which he shall be directed to deliver unto your petitioner the certificate in the nature of a receipt for his personal taxes for the year 1885, bearing the words 'Kupono i ke koho balota,' or 'Qualified to vote.' That the said George H. Luce be adjudged to pay all costs herein.

" And petitioner will ever humbly pray."

The answer of the respondent is as follows :

"Now comes George H. Luce, respondent herein, and making return to the writ of mandate heretofore issued by this Honorable Court in this matter, respectfully shows : That the respondent is the Tax Collector for the District of Honolulu : That heretofore, to wit, on or about the first day of November, respondent received from the tax assessors of the aforesaid district a list of names of persons who were by law exempt from paying taxes, and therefore made out and signed tax receipts for the persons in said list named :

" That the persons so named in said list, respondent is informed and believes, were members of various fire companies and military companies in Honolulu, and were and are personally unknown to respondent :

That therefore, and in accordance with the usage and custom heretofore existing, and for the purpose of preventing persons who were not entitled thereto from obtaining any of said certificates, and for the purpose of delivering them to those who were thereto entitled, said certificates were delivered to the foreman of said fire companies, and to the captains of the said military companies respectively, for distribution to the members of the same :

"That among other certificates, that of P. K. Hipa, the peti-

65

tioner herein, was delivered to one W. F. O'Connor, captain of the 'Queen's Own' company (the company mentioned in the said Hipa's petition); that on yesterday, the 22d day of January, 1886, the petitioner demanded of respondent his certificate, and was informed by respondent that the same had been delivered to the captain of his company to be handed to him, and would be given to him on application to said captain. That having issued said certificate as aforesaid, the respondent believed, and now believes, that he was and is not authorized to issue another certificate for the same person without any proof being made of the loss of the original certificate."

## OPINION BY JUDD, C. J.

In order to entitle a petitioner to a writ of mandamus, it must appear that the respondent is clothed with some legal duty. The object of the writ now sued for is to obtain a tax receipt impressed with the words "Qualified to vote," the production of which at the polls at the coming general election for representatives of the people is one of the essentials to enable the petitioner to cast his vote. Section 10 of the Act of 1868 (Compiled Laws, p. 224-5) clothes this respondent, as Tax Collector for the District of Honolulu, with the duty of filling out and delivering to every person entitled to vote a tax receipt so impressed. The qualifications of the petitioner to vote are not questioned by the answer. But the respondent avers that he has made out and delivered the petitioner's tax receipt to the commanding officer of the volunteer corps, "The Queen's Own," of which petitioner is an enrolled member. Is this a discharge of his duty in this respect? I think not. From the tenor of the answer it would appear that for convenience, or to ensure identification of the individuals in the volunteer corps, the respondent made the captain of the corps his agent to deliver the receipt to petitioner. This the agent has not done, though the receipt was filled out ready for delivery on or soon after the first day of November last. The principal is responsible for the acts of his agent, and is answerable for his neglect to deliver the receipt. He cannot in this way evade the express duty which the law explicitly casts upon him, and upon him alone. The agent is presumably under the control of his

principal, and I cannot anticipate that respondent will have any difficulty in revoking the agency and recovering the receipt.

I deem the cause shown to be insufficient, and think that a peremptory mandate should issue to the respondent that he deliver the tax receipt in question to petitioner on or before 12 o'clock m. on Tuesday, the 26th instant, and pay the costs of these proceedings.

### ▸ Concurring Opinion of McCully, J.

Everything governing the decision of this case is to be found plainly expressed in our statutes.

By Section 10 of the Act of 1868, regulating " Qualifications of Electors," found at page 222 of the Compiled Laws, it is made the duty of every tax collector, upon receiving the payment of the taxes from any person who is qualified to vote, to fill out and deliver to every such person a tax receipt bearing the words " Qualified to vote."

The petitioner, as a volunteer soldier, actually enrolled and doing duty, is exempt from the payment of one description of taxes, viz., personal taxes, by Section 67 of the Tax Law, page 131, Compiled Laws. This exemption must be taken as a privilege in respect to the liability of payment in consideration of certain gratuitous public service, and therefore it is not to be held that it is accompanied by disfranchisement in the cases where the party has no property tax to pay, and so obtains no receipt for the payment of taxes. The statute provides for a sworn list to be presented to the assessor by the commanding officers of the companies of the persons entitled to such exemption. Then, in words of the statute first cited, the tax collector must deliver to every such person one of the tax receipts so impressed.

The return of the respondent, which is not traversed, is that he has issued such tax receipt, delivering it with those belonging to the other members of the company to the captain. It is plain that this is not the delivery required by the statute, which is a delivery *singulariter*, to " every such person," to each person man by man. The return states that the delivery in a block was made for convenience, and in accordance with previous usage. Certainly neither of these affect the force of the statute. It must

be considered that the tax collector made the company captain his agent. He is not exempted from any responsibility or liability by delegation of his duty to another. He is by the law to deliver the certificate to the person entitled to the franchise.

I concur in the order made by the Court.

### CONCURRING OPINION OF PRESTON, J.

It is conceded by the return to the writ of mandamus that the applicant is an elector, and entitled to vote at elections for representatives to the Legislative Assembly. The tax collector says he has given the applicant's certificate to the captain of the "Queen's Own," the corps of which the applicant is a member. And it is contended by the Attorney-General on behalf of the respondent that this is according to usage and a compliance with the law.

I cannot agree with this contention. The law casts the duty upon the tax collector to give the certificate to the voter entitled thereto, and it seems to me the respondent cannot relieve himself of the responsibility by delivering the certificate to a third person. If he does so deliver it, I agree that such person is the respondent's agent, and that he has control over such agent. If it be true that the respondent does not know the elector personally, it is his duty to take proper means to have him identified and then deliver to him the certificate.

The question as to how the respondent is to obtain the certificate is not for this Court to consider ; he must deliver a certificate to the applicant according to law.

I therefore agree with the Chief Justice and my brother McCully, that a peremptory writ of mandamus should issue.

*W. R. Castle*, for applicant.

*P. Neumann*, Attorney-General, for respondent.

Honolulu, January 25, 1886.