# W. C. PEACOCK & CO. vs. COLLECTOR-GENERAL OF CUSTOMS.

## MANDAMUS.

HEARING, OCTOBER 22, 1892. DECISION RENDERED ORALLY

SAME DAY.

JUDD, C.J., BICKERTON AND DOLE, JJ.

A writ of mandamus was issued commanding the Collector-General o
Customs to show cause why he should not deliver to petitioners a
cask of gin owned by them, on their paying the duties.

Writ discharged, as it appears that there are other legal remedies open to
petitioners.

OPINION OF THE COURT, BY JUDD, C.J.

The writ commands the Collector-General to show cause why
he should not deliver to petitioners a cask of gin owned by
them then in the Custom House warehouse, on petitioners pay-
ing the duty thereon.

The writ of mandamus is an extraordinary writ and it can
only be issued as by Section 2 of the Act of 1876 defining it,
that is, where the law has assigned no specific relief by the or-
dinary means, or even where the party has other means of re-
lief, if the slowness of the ordinary legal forms is likely to pro-
duce such a delay that public good and the administration of
justice will suffer thereby. An illustration of where those writs
have been granted would be would be where a Minister of the
Interior is asked to issue a charter or license, the fee being ten-
dered. There is no other remedy in such case, for the party
aggrieved cannot sue to obtain possession of a charter or a li-
cense which was not in existence. In such case there would be
no other remedy.

Now in this case there is a cask of gin in the Custom House. It appears so by the writ. Why cannot the party who claims it sue in replevin and recover it? There is no allegation made here that these goods are so perishable that a writ of replevin, which would afford immediate possession of the goods if the claimant files the necessary bond, would not afford ample relief, or that the slowness of legal forms is likely to cause the administration of justice to suffer. There is nothing to prevent the real claimant from appearing under Section 11 of the Replevin Act and making a defense.

We find this is apparent on the face of the writ itself, without reference to the return setting up an alleged lien by some other party on these goods. It appears that the object sought for is a tangible substance, which the plaintiff can recover by replevin if he sees fit.

I do not speak for my colleagues on this point, but for myself. I do not know why trover would not lie. It seems to me that even trover would lie for the value of the goods. But at any rate we do not see by the argument of counsel, or by the writ, that there is anything to put this case within the statute of mandamus, it being apparent that the specific article was one of which possession could be obtained by the ordinary means of law, and that without reference to whether there is any alleged lien or not.

We feel so clear about it that we sustain the demurrer and discharge the writ.

*W. A. Whiting* and *C. Brown*, for petitioners.

*F. M. Hatch*, for respondent.