## D. KANEALII *v.* JACOB HARDY, CIRCUIT JUDGE OF THE FIFTH CIRCUIT.

### ORIGINAL.

ARGUED SEPTEMBER 12, 1905. DECIDED SEPTEMBER 19, 1905.

FREAR, C.J., AND CIRCUIT JUDGES DE BOLT AND LINDSAY IN PLACE OF HARTWELL AND WILDER, JJ.

APPROVAL OF OFFICIAL BOND, MANDAMUS—*powers and duties of approving officer.*

>    Although a circuit judge, in passing upon the bond of a county supervisor, may and should require the latter to show himself prima facie entitled to the office, he cannot go back of the proper credentials and pass upon the question of the validity of the nomination. If the supervisor shows himself prima facie entitled and the bond is sufficient, it is the duty of the judge to approve it, even though he is informed that quo warranto proceedings are to be brought to contest the applicant's title on the ground that the nomination papers were fraudulent and forged.

The doctrine that a writ of mandamus is not always a matter of absolute right even to enforce a clear duty, and may be denied when to issue it and enforce the duty would aid in the perpetration of a fraud, does not apply where the facts are disputed and the fraud is merely a matter of suspicion or accusation. Mandamus is not a proper method of trying title to an office and the court should not, any more than the officer whose duty it is to pass on the bond, go back of the apparent title of the applicant and pass upon the validity of his nomination.

The circuit judge should pass upon the sufficiency of the bond with reasonable promptness. He should not postpone action upon it until quo warranto proceedings, whether pending or impending, to test the title to the office shall terminate, and upon such postponement he may be compelled by mandamus to act.

MANDAMUS—*when appeal lies and when act judicial.*

Mandamus lies to compel a circuit judge to pass upon the sufficiency of a supervisor's bond when he refuses to do so, even if passing upon the bond is an act of a judicial or discretionary nature and even if an appeal would lie from a disapproval of the bond.


OPINION OF THE COURT BY FREAR, C. J.


This is an application for a writ of mandamus to compel the respondent to approve or pass upon the sufficiency of the bond of the petitioner as a member of the board of supervisors of the county of Kauai, under section 21 of Act 39 of the Laws of 1905, known as the County Act.

The petitioner sets forth in substance that he was a candidate for the office of supervisor at large for the county of Kauai at the election held June 20, 1905, that he received a majority of all the votes cast at said election for said office, that he received a certificate of election and took the oath of office, and that on July 1, 1905, he presented to the respondent his bond and requested him to approve the sufficiency thereof, but that the respondent refused and still refuses so to do although, it is alleged, he admitted the sufficiency of the bond and approved the sufficiency of another similar bond.

The respondent sets forth as his reason for refusing to approve

the bond that he had been informed by the county attorney that the petitioner's title to the office of supervisor was disputed and would be contested upon the ground of alleged forgery of certain names upon the petition for the petitioner's nomination, and further shows that a short time thereafter, namely, July 3, 1905, quo warranto proceedings to test the petitioner's title to said office were instituted before the respondent as circuit judge, which proceedings were afterwards stayed by a temporary writ of prohibition issued by a member of this court (see case post, p. 9), and that at the July term, 1905, of the respondent's circuit court, namely, July 8, 1905, the petitioner was indicted by the grand jury for forging the said nominating petition and, on July 12, pleaded not guilty to the said indictment, and that the said case was at the request of his counsel continued until the November term of said court. The respondent more particularly states that upon being informed that such quo warranto proceedings would immediately be taken he "refused to act in the matter by approving the bond, and explained to the petitioner that the reason for so refusing was that proceedings to contest his right to the office were being taken, and that the case would come before respondent for decision, and that it would be inconsistent and improper to take any action in the matter of approving the bond, until the case had been heard and decided. * * * The act of respondent on the occasion referred to, had no reference to the pecuniary sufficiency of the bond, but was directed to the questioned right of petitioner to hold the office."

The point that is perhaps most relied upon by the respondent is that the court ought not by mandamus to compel the performance of an act that would work a public or private mischief, or compel compliance with the letter of the law in disregard of its spirit or in aid of a palpable fraud. As the respondent says in his answer, "It seems but a reasonable and safe view to take, that a judge, whose special duty it should be to promote the public good, should hesitate to help induct into office of a highly important and responsible nature, one who is gravely charged

with using unlawful means to obtain it," or, as stated in *People v. Assessors,* 137 N. Y. 204, cited by respondent's counsel: "The writ of mandamus is not always demandable as an absolute right, and whether it shall be granted or not frequently rests in the discretion of the court. * * * The writ will be granted to prevent a failure of justice, but never to promote manifest injustice. It is a remedial process and may be issued to remedy a wrong, not to promote one, to compel the discharge of a duty which ought to be performed, but not to compel the performance of an act which will work a public and private mischief, or to compel a compliance with the strict letter of the law in disregard of its spirit or in aid of a palpable fraud. The relator must come into court with clean hands * * *".

The answer to this contention is that it does not appear that the nomination papers were fraudulent or forged, and that the judge is not given any jurisdiction in passing upon the sufficiency of the bond to decide upon the validity of the nomination papers. Neither the petitioner nor any one else has been convicted of forging the nomination papers, nor has the validity or invalidity of those papers been determined in quo warranto or any other proceedings. It is true that an officer who is charged with the duty of approving the bond of another officer is not obliged to approve a bond presented by any person. It is his duty to approve the bond of only the person entitled to the office, and yet all that he can require is proper credentials of the applicant or a prima facie showing that the applicant is entitled to the office; he cannot in general enter into an investigation for the purpose of passing upon the validity of those credentials or at least the validity of the acts leading up to the acquisition of those credentials. The approval of the bond does not assume the validity of the election but is merely one step in the process by which the applicant may be put in a position to show an apparent right or to contest proceedings that may be brought questioning his title to the office. How, for instance, in the present case, could the petitioner sustain his right to the office in the quo warranto proceedings in the absence of the approval

of his bond, even if he showed that his nomination papers were valid? Even this court, in these mandamus proceedings, cannot go into the question of the validity of the nomination, for mandamus is not a proper method of determining title to office. Courts often compel by mandamus boards of convassers to count the ballots and declare the results irrespective of alleged violations of law in the prior stages of an election. For example, in *State v. Van Camp,* 36 Neb. 91, 104, the court allowed a writ of mandamus to compel the canvassing officers to discharge their duties and issue certificates of election, holding that neither the canvassers nor the court could inquire into the regularity of the relator's nomination, and citing other cases to the same effect. In this respect the case is much like that of *Harris v. Cooper,* 14 Haw. 145, in which it was held that the secretary of the Territory could not in preparing the ballots go back of the question of due nomination and pass upon the question of the eligibility of the candidate. In that case several arguments were considered and disposed of similar to some of the arguments presented upon this phase of the case now before us, and many cases were there cited, among which reference may be made to *People v. Board of Canvassers,* 129 N. Y. 360, as one which might at first view be deemed to support the respondent's case, and which is cited in the case of *People v. Assessors,* above referred to as relied upon by respondent's counsel. In *Harris v. Cooper,* the court held that it was the duty of the secretary to place on the ballots the name of a candidate duly nominated even though he was ineligible, and declined to compel the secretary to omit such name. *People v. Board of Canvassers* presented the converse case. There the question was whether the court should compel the board to issue a certificate of election to one who was ineligible. The court was unanimously of the opinion that it was the duty of the board to issue the certificate, and that it could not go behind the returns and inquire into the eligibility of the candidate, but the majority of the court held, on the principle above referred to that mandamus should not issue when it would aid in the accomplishment of a wrong, that the

writ should not be issued inasmuch as the ineligibility of the candidate was undisputed; the minority were of the opinion that the writ should issue notwithstanding the undisputed ineligibility of the petitioner. The present case, however, differs from the New York case just cited in that the invalidity of the nomination papers is not undisputed, and neither the circuit judge in the matter of approving the bond nor this court on mandamus can try the question whether those papers were fraudulent or forged or not.

In *State v. Plambeck,* 36 Neb. 401, the county judge refused to approve the bond of a county supervisor on the ground that he had not been appointed by the proper authorities. The court held that the judge was compellable by mandamus to approve the bond in case he found it sufficient, saying, among other things, that,

"The object and purpose of this action is not to induct the relator into an office already filled by another; it is to compel the respondent to approve his official bond, a duty imposed upon him by law, thereby to better enable the relator to test his title to the office in a proper proceeding before a competent tribunal, in which the incumbent of the office could be heard in his own behalf. Although the question of strict title to the office in dispute cannot be determined in a collateral proceeding like this, sufficient investigation may be made to ascertain whether the certificate of appointment held by the relator is *prima facie* evidence of title. If relator makes claim to the office by virtue of color of title, he was entitled to have the respondent approve his bond, the sufficiency of the bond tendered being admitted. * * * At least, the appointment of the relator is *prima facie* evidence of title to the office; hence it was the duty of the respondent to have approved the bond of the relator. The statute confers no authority or power upon the officer whose duty it is to approve official bonds to pass upon or decide the validity of the claims to an office under conflicting commissions, nor can such approving officer refuse to approve the official bond presented to him by one claiming the office under color of title, even though the office may at the time be filled or claimed by another."

In *Beck v. Jackson,* 43 Mo. 117, a writ of mandamus was

ordered to compel a circuit judge to proceed to approve the bond
of one claiming to have been elected clerk of the court, which
the judge had refused to do on the ground that he had appointed
another to the office and had already approved his bond and put
him in possession of the office. The court said:

"This is not a proceeding asking to be inducted into the office;
it is merely a demand that the respondent shall proceed to per-
form a duty devolved on him by law; and for a refusal or neg-
lect to perform, the relator is remediless unless the court issues
the writ. The commission issued by the governor was at least
*prima facie* evidence of title to the office, and, if its validity or
legality should be disputed, that question can only be deter-
mined by a proceeding in the nature of a quo warranto, * * *"
See also *State v. Shannon*, 133 Mo. 139.

Another contention much relied upon by the respondent is
that he ought not to be compelled to pass upon the sufficiency of
the bond while there is pending a quo warranto proceeding to
test the petitioner's title to the office. From what has already
been said the fact that such quo warranto proceeding was pend-
ing would perhaps be an additional reason for passing speedily
upon the sufficiency of the bond, so as to enable the petitioner
to defend himself properly in that proceeding. The cases relied
upon by respondent's counsel to the contrary, namely, *Hannon
v. Commissioners*, 89 N. C. 123, *People v. Warfield*, 20 Ill. 159,
and *Lewis v. Commissioners*, 14 Oh. St. 515, are not in point.
In *Speed v. Common Council*, 97 Mich. 198, it was held that
the common council should be required by a writ of mandamus
to approve the bond of one claiming to be city councilor who
showed proper credentials therefor, notwithstanding the pen-
dency of quo warranto proceedings to determine the title to the
office. In *State v. Commissioners*, 31 Oh. St. 451, a peremptory
mandamus was awarded to compel the commissioners to proceed
to pass upon the sufficiency of the bond of a county recorder
elect, and, if they found the bond sufficient, to approve the same,
notwithstanding that proceedings were pending in regard to
the title to the office. The court said:

"The section impliedly imposes upon the county commission-

ers the duty of acting with reasonable promptness, in either approving or rejecting the sureties to the bond when presented for that purpose, by a person who shows that he is legally authorized to demand such action at their hands. When, therefore, as in this instance, they declined to act with reasonable promptness, in the approval or rejection of the sureties of the bond, when it was properly presented to them, they will be compelled to act in the matter, unless they show some valid reasons why they should be excused for such non-action. The principal ground upon which the commissioners resist the allowance of the writ is, in substance, that they have not rejected or finally refused to approve the sureties to the bond, but are, for the present, holding the matter under their control, with a view to final action sometime in the future, and, if not before, when the alleged litigation between the contestants is terminated; and that it is not true, therefore, that they have refused to approve the sureties of the bond, as alleged."

The court held this ground insufficient. See also Murfree on Official Bonds, Sec. 320. It may be added that the quo warranto proceedings in the present case had not been instituted at the time when the respondent declined to pass upon the sufficiency of the bond. This alone might be a sufficient answer to the respondent's contention. See *State v. Commissioners, supra,* at page 456.

Two minor contentions are made by respondent's counsel, (1) that mandamus does not lie where there is a right of appeal from the action complained of, and (2) that the passing upon the bond is a judicial act and that mandamus will not issue to compel the performance of a judicial act in a particular manner. Without conceding that mandamus would not lie under the circumstances, even if an appeal would lie, it is not altogether clear that an appeal would lie from the disapproval of the bond, but in this case, as we understand it, the respondent has not passed upon the sufficiency of the bond at all, either by way of approval or by way of disapproval, but has postponed action thereon. In such case he can be required to act. Likewise, assuming that the act is of a judicial or discretionary nature, the judge may be compelled to act, even if not in a particular man-

ner, although the cases above cited, as well as many other cases, show that mandamus lies to compel an approval of a bond where the bond clearly appears or is admitted to be sufficient. In the present case it does not clearly appear nor is it admitted that the bond is sufficient. The writ, therefore, if issued, should be to compel the respondent to pass upon the sufficiency of the bond, and, if he finds the bond sufficient, to approve it. He, however, in his answer, states that if the members of this court are of the opinion that it is his duty to pass upon the sufficiency of the bond he "will wholly comply with their decision, waiving the issue and service of a peremptory writ." We are of such opinion and we take it from the respondent's answer that it will be unnecessary, in view of this conclusion, to issue the writ although the petitioner may have it issued should it be necessary.

*W. S. Edings* for petitioner.

*John D. Willard* for respondent.