# FRANK LUCWEIKO AND MINNA LUCWEIKO, HIS WIFE, *v.* THE TERRITORY OF HAWAII.

## ORIGINAL..

SUBMITTED JULY 3, 1905.　　　　DECIDED OCTOBER 2, 1905.

### FREAR, C.J., HARTWELL AND WILDER, JJ.

COVENANT—*power of the governor to make.*

> The plaintiffs having conveyed certain land to the Territory in exchange for other land and upon a covenant by the governor to cause buildings and fences on the land to be removed therefrom and placed on the other land in good condition within sixty days, claimed damages for delay in removing and for not leaving them in good condition: held, on demurrer, that no law of Hawaii authorized the covenant.

### OPINION OF THE COURT BY HARTWELL, J.

This is an action of covenant in which the plaintiffs claim of the defendant the sum of $1500 for breach of a covenant in a conveyance of land made by the plaintiffs to the defendant, and expressed as follows:

"In consideration of the foregoing grant of the said above

described premises to the Territory of Hawaii, I, Sanford B. Dole, Governor of the Territory of Hawaii, do hereby covenant and agree with the said Frank Lucweiko, his heirs and assigns, that I will secure to the said Frank Lucweiko a conveyance to him by the Trustees of the Bishop Estate of certain premises near and adjoining the land of the said Lucweiko remaining at said Kapaakea, being the remaining portion thereof after the conveyance of the above described premises to the Government for street widening purposes, which premises so to be conveyed to said Lucweiko are more particularly described in a deed from the said Trustees of the Bishop Estate to said Lucweiko of even date and executed simultaneously herewith;

"And also that I will within sixty days from the date of the execution and delivery hereof cause all of the buildings and ences upon the said premises by the said Lucweiko conveyed to the Territory of Hawaii as aforesaid, to be removed therefrom and placed upon the remaining portion of the land of said Lucweiko and upon the said land to be conveyed to him by the said Trustees of the Bishop Estate in as good condition as the same are now in, without any cost or expense to the said Lucweiko."

The alleged breach is that "all the buildings and fences upon said premises in said covenant mentioned were not so removed within sixty days, nor for a long time after said sixty days, and then not in as good condition as at the time of said conveyance, to-wit, the 15th day of June, A. D. 1903." The defendant demurs to the complaint on the general ground that it does not set forth facts sufficient to constitute a cause of action, and specifically because the covenant "was not executed by an official of the Territory of Hawaii having the power and authority to execute the same" and that the damages sought to be recovered are on a contract made by the governor of the Territory, which he was not by the laws of Hawaii authorized to make.

The demurrer is sustained on the ground last above mentioned, namely, that there was no law of Hawaii authorizing the governor to make the covenant to remove the buildings and fences.

*C. C. Bitting* for plaintiffs.

*M. F. Prosser, assistant attorney general,* for the Territory.