# FRANK LUCWEIKO *v.* TERRITORY OF HAWAII AND THE HONOLULU RAPID TRANSIT AND LAND COMPANY.

## ORIGINAL.

SUBMITTED JANUARY 6, 1906.     DECIDED JANUARY 15, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

BONA FIDE PURCHASER FOR VALUE—*no relief against inequity.*

    The Territory acquired of the plaintiff certain land for street extension and for the use of the H. R. T. & L. Co. tracks and cars as required by statute, with an agreement to move plaintiff's build-

ings in good order to another portion of his land and make the highway in front thereof and of other land obtained from the trustees of the B. Estate for him passable for vehicles, which agreement was inserted as a covenant in a conveyance executed by the governor, but which, it had been held, he was not authorized by statute to make. Held: the Transit Co. is a bona fide purchaser for value without notice of nonperformance of agreement by the Territory so that the relief prayed for cannot be granted. Demurrer to the bill on this ground is sustained, but without deciding that upon the facts alleged the plaintiff is without remedy, if pursued within the time limited by statute, for nonperformance of an agreement made by authority of law by the superintendent of public works.

### OPINION OF THE COURT BY HARTWELL, J.

This is a suit in equity upon the following statement of facts:

The plaintiff owned certain land fronting on Beretania street in Honolulu at the eastern junction of that street and the proposed eastern extension of King street. It was necessary for the Territory, in order to complete the extension of King street to its eastern terminus and make a junction with Beretania street and to carry out its obligation to the Honolulu Rapid Transit & Land Company to secure to that company the right to construct and operate a railway over the then unopened extension of King street to the road from Beretania street to Moiliili, to acquire, by condemnation proceedings or otherwise, the plaintiff's land and to make a public highway over the same. In pursuance of these plans of the Territory and the necessities existing and the duties imposed upon it by its statutes and laws upon the subject, the Territory, by and through its officers, Hon. Sanford B. Dole, governor, Hon. Henry E. Cooper, superintendent of public works, and Hon. Lorrin Andrews, attorney general, negotiated with the plaintiff that he should convey to the Territory the land required for said purposes in consideration that within sixty days thereafter the Territory should cause all the buildings and fences upon the premises, conveyed by the plaintiff to the Territory, to be removed from the land and placed

upon the remaining portion of his land and upon certain land to be conveyed to him by the trustees of the Bishop estate in as good order and condition as the same were then in.

That in pursuance of the said agreement, on June 15, 1903, the plaintiff executed and delivered to the defendant his deed in fee of the said premises; that the Territory, acting by and through its said officers, accepted delivery thereof and pretended to carry out the considerations of the agreement, and did cause the trustees of the Bishop estate to convey to the plaintiff a piece of land composed of and covered with coral rock for which, as the plaintiff is informed and believes, the Territory paid the Bishop estate $103; and further did, by the superintendent of public works, cause the buildings, fences and improvements to be set back from their frontage on Beretania street to the new line of King street extension, but that they were not moved in a skillful nor workmanlike manner within sixty days but long after that time; nor were they placed in their new position in as good order and condition as at the date of the conveyance, but were greatly injured to an extent which required the expenditure by the plaintiff of a large sum of money for repairs; that the buildings were so shaken and injured during the removal that unless practically rebuilt they could not be put in as good order as they were in before; that during the negotiations the said officers of the Territory stated to the plaintiff, and he understood, that the proposed extension of King street should be put in good condition as a street and that the plaintiff's buildings and premises should have a frontage upon a street or road as passable for vehicles as their previous frontage had, with the same good access and egress to and from the premises as the same formerly had, but that since the extension of King street has been opened and the plaintiff's property converted to the use of the Territory and of the defendant corporation the only improvement made has been in laying down the railroad tracks and that the remainder of the road has not been made passable for vehicles, so that the plaintiff's buildings, as placed by the officers of the Territory, are practically unapproachable by

vehicles, the result of all of which being to prevent the plaintiff from obtaining tenants for his buildings and to cause the same to remain unrented and a great source of loss and expense to him, including taxes thereon which he has to pay to the Territory, as a result whereof plaintiff's lands and tenements are reduced in value to the extent of about $5000.

That the plaintiff, in order to prevent the total destruction of his property, has been compelled to expend large sums of money in labor, repairs, wells, removing windmills, lumber, and other expenses amounting to about $2000, including rental losses.

That the plaintiff presented his claim for the losses sustained by him within two years after they were due and brought an action of covenant against the Territory in this court, which decided that the covenant, which was the sole and moving consideration upon which the plaintiff conveyed his land, could not be enforced because the conveyance to the plaintiff was signed by the governor and that he had no authority to bind the Territory by the covenant.

That at the time of the conveyance the plaintiff, and also the governor, believed that the governor was the proper officer to make the agreement and pledge its fulfilment by the Territory, but that by mistake and inadvertence on the part of the plaintiff and the governor the plaintiff is unable to enforce his claims against the Territory at law and can have relief solely in equity; that inasmuch as the agreement had been made by the proper officer, namely, the superintendent of public works, he ought to have executed the deed in behalf of the Territory, but that the Territory, although accepting the title in the land from the plaintiff and pretending partially to perform its agreement, has done the plaintiff great loss and damage and by repudiating in this court the agreement of its officers has received great benefit and value from the plaintiff and in equity has failed to furnish the good consideration for and by virtue of the expectation of which the plaintiff parted in good faith with his land and that the Territory should not in equity and good conscience be permitted to claim and assert title therein,

but that this court should place plaintiff in as good position as he had before he conveyed his land to the defendant.

That about July, 1903, the defendant corporation tore up the said property of the plaintiff and constructed thereon a track for the passage of its cars which for over two years have been running over the same, but that the company has no legal or equitable right so to use and occupy the plaintiff's land and by using it has caused the plaintiff damage in the sum of $1000.

That the defendant corporation claims a right of way over the plaintiff's premises under the statutes of the Territory and by the express rights and privileges given to it by the Territory, wherefore the plaintiff prays that his deed to the Territory be cancelled and that the Territory be ordered to deliver to him a deed in fee simple for the premises and be enjoined from using the same as a public street or highway; that the defendant corporation be restrained from using the premises or running its cars over the same and that the court decree that the Territory pay the plaintiff all losses and damages caused to it by the defendants' unlawful and inequitable acts, to wit, $5000, and that the defendant corporation be decreed to pay the plaintiff the said sum of $1000 for its unlawful use of his premises.

The Territory demurred on the grounds that the court has no jurisdiction, misjoinder of defendants and that the plaintiff does not state a cause of action in that it is not shown that the cause of action therein set forth is based upon any conract or act of a territorial officer authorized by law to make or do the same. The Rapid Transit Company demurred on the same grounds, with the additional ground that there is misjoinder of causes of action.

The position of the defendant corporation with reference to that portion of the plaintiff's land conveyed by him to the Territory which the company is using for its railroad track and cars must be deemed to be that of a bona fide purchaser for value without notice of nonperformance by the Territory of any part of its agreement concerning the conveyance. It is not in the power of the Territory to cancel the rights granted to that com-

pany, hence it follows that the relief prayed for by the bill cannot be granted. We do not mean to say that upon the facts alleged in the bill the plaintiff is without remedy, if pursued within the time limited by the statute, for the nonperformance of an agreement made under the authority of law by the superintendent of public works.

The demurrer is sustained.

*Charles Creighton* for plaintiff.

*M. F. Prosser, Deputy Attorney General,* for the Territory.

*Castle & Withington* for defendant corporation.