and allow the widow and heirs to redeem in view of the alleged special facts that the mortgagee knew that unless the claim was presented to the administratrix she could not legally pay the debt out of the estate and that there was no legal obstacle to the presentation of the claim and that the failure to present it would probably result in the acquisition of the land for the mortgagee; (4) that in view of the fact that neither the widow nor the heirs had separate funds in their hands this is one of the cases in which equity exists for the purpose of administering adequate relief; (5) that under the allegations this is not one of the cases in which the rights of minor heirs may be cut off by foreclosure and that to deprive them of the right to redeem would produce inequitable consequences; (6) that equity seizes upon slight circumstances to relieve minors from the strictness of the law and that sufficient circumstances are alleged in this case; (7) that no demand for an accounting was required by law prior to the foreclosure, but that when the demurrer was sustained below leave to amend in this respect was made and refused, which fact is not referred to in the opinion; (8) that it is inaccurate to hold that the mortgagee might rely upon the powers contained in the mortgage irrespective of the statute which provides for notice of intention to foreclose, etc., and (9) that the bill alleges that proper entry was not made. Decided November 8, 1905, without argument under Rule 5. *Per curiam.* The petition is denied. *H. E. Highton* and *C. W. Ashford* for petitioners.

No. 42. FRANK LUOWEIKO v. TERRITORY OF HAWAII AND HONOLULU RAPID TRANSIT & LAND Co. Petition for rehearing. Filed February 5, 1906. Decided February 21, 1906. The plaintiff seeks a rehearing mainly on the grounds that it does not appear that the defendant company was in the position of a bona fide purchaser for value or that if it was it took

without notice of nonperformance of the agreement by the Territory, that the bill covers property other than that occupied by the company, and that the question as to the position of the company as a bona fide purchaser without notice was not raised. *Per curiam.* Petition denied. *C. Creighton* and *G. D. Gear* for petitioner.

———

No. 50. TERRITORY OF HAWAII, BY C. S. HOLLOWAY, SUPERINTENDENT OF PUBLIC·WORKS, v. E. J. COTTON, C. E. COTTON AND JAMES B. AGASSIZ, PARTNERS UNDER THE NAME OF COTTON BROS. & CO. Error to circuit court, first circuit. Petition filed March 23, 1906, for rehearing of defendants' motion to quash the writ. (For decision on motion, see ante, p. 445.) Decided April 11, 1906. *Per curiam.* The petition is denied. *Kinney, McClanahan & Cooper* for petitioner.

———

No. 70. JAMES L. HOLT, TAX ASSESSOR, PLAINTIFF, v. A. TULLETT, DEFENDANT, I. I. S. N. Co., LTD., GARNISHEE. Appeal from district court, Honolulu. Petition for rehearing. Submitted April 7, 1906. Decided April 11, 1906. *Per curiam.* The petition is denied. *M. F. Prosser, Deputy Attorney General,* for petitioner.

———

No. 75. ANNA GERTZ IN HER OWN BEHALF AND AS EXECUTRIX OF CHRISTIAN GERTZ, DECEASED, v. C. H. BANNING AND B. R. BANNING, J. ALFRED MAGOON IN HIS PERSONAL CAPACITY AND AS TRUSTEE FOR C. H. BANNING AND B. R. BANNING,