IN THE MATTER OF THE PETITION OF A. J. CAMP-
BELL, AS TREASURER OF THE TERRITORY
OF HAWAII, FOR A WRIT OF MANDAMUS
DIRECTED TO BENSON, SMITH & CO., LTD., A
CORPORATION.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED OCT. 10, 11, 1906.          DECIDED NOV. 3, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

MANDAMUS—*treasurer may institute to compel corporation to file
exhibit.*

Mandamus may be instituted by the treasurer to compel a private
corporation to file an exhibit of the state of its affairs as provided
by R. L., Sec. 2566, but not on any particular form prescribed by
the treasurer.

OPINION OF THE COURT BY WILDER, J.

On the application of A. J. Campbell, treasurer of the Terri-
tory, an alternative writ of mandamus was issued against Ben-
son, Smith & Co., Ltd., a corporation, to file a full and accurate
exhibit of the state of its affairs as of December 31, 1905, in
accordance with the written direction of the treasurer, the
written direction having reference to a certain form on which
to make such exhibit.    On motion of the respondent the alterna-
tive writ was quashed, from which ruling of the circuit judge
an appeal was taken to this court.

The statute in regard to a corporation exhibit is as follows:

"Every corporation not eleemosynary, religious, literary or
educational, shall annually present a full and accurate exhibit
of the state of its affairs to the treasurer, at such times as the
treasurer shall direct.    The said treasurer shall have power,
either himself, or by one or more commissioners appointed by
him, to call for the production of the books and papers of the

corporation, and to examine its officers, members, and others touching its affairs, under oath. The annual reports above mentioned, and the result of such examination, the treasurer may in his discretion lay before the governor, and also publish. In case any such corporation shall refuse to produce its books and papers upon the request of the treasurer, or the commissioners appointed by him, or in case any of the officers or members of such corporation shall refuse to be examined on oath, touching the affairs of the corporation, then the treasurer, or the commissioners, may apply to a circuit judge at chambers for an order to compel the production of the books and papers, or the examination of such officers or members of the corporation, obedience to which order may be enforced by said judge, in like manner with its ordinary decrees and orders." R. L., Sec. 2566.

The judgment should be affirmed if any one of the grounds for the motion to quash is good. The objections by respondent may be summarized as follows: (1) That mandamus does not lie; (2) that the suit is not prosecuted by or for the proper party; and (3) that the writ is not authorized by the statute.

1. It is contended that mandamus does not lie to compel a private corporation to perform the act in question. Private corporations are subject to mandamus. R. L., Ch. 130. It is provided in section 2015, R. L., that "It may be directed to all corporations established by law:

"1. To compel them to make elections and to perform the other duties required by their charter.

"2. To compel them to receive or restore to their functions, such of their members as they shall have refused to receive, although legally chosen, or whom they shall have removed without sufficient cause."

It is contended that, unless the duty of filing an exhibit is required by the articles of association and affidavit of this corporation, it is not a duty required by its charter, and consequently that it cannot be made to perform same by mandamus. This argument is unsound for the reason, among others, that under section 2539, R. L., every corporation incorporated under the joint stock company act "shall have all of the powers and be subject to all of the liabilities now provided by law for incor-

porated companies and shall be subject to all general laws hereafter to be enacted in regard to corporations." This duty of filing an exhibit is required of the corporation, whether expressly mentioned in its articles of association or not, because of the requirements of the statute under which it is incorporated. See *Attorney General v. Perkins,* 73 Mich. 319; *State v. Anderson,* 67 N. E. 210; *Spring Valley Waterworks v. Schottler,* 62 Cal. 110. In this view it is unnecessary to say whether or not the statutory provision as to what a corporation may be required to do by mandamus is exclusive.

2. The next contention of the respondent is that the suit is not brought by or for the proper party, that is, that it must be brought by the Territory according to section 2009, R. L. That section reads as follows:

"Whenever it shall be necessary or desirable for the Territory in order to collect or recover any money or penalty, or to recover or obtain the possession of any specific property, real or personal, or to enforce any other right (except in respect to criminal prosecutions) to institute judicial proceedings, it shall, except as otherwise expressly provided by law, be competent for the attorney general to bring and maintain a suit or suits for any such purpose in any appropriate court or courts of the Territory. All such suits shall be entitled in the name of the Territory by the attorney general of the Territory, against the party or parties or thing sued, as defendants or respondents, or as the case may be."

It is also provided in section 1546, R. L., that "the attorney general shall appear for the Territory personally or by deputy in all the courts of record in this Territory in all cases, criminal or civil, in which the Territory may be a party or be interested." Undoubtedly if the Territory was applying for this writ the suit would have to be brought according to section 2009, R. L. But here the treasurer in his official capacity is seeking to compel the corporation to file with him an exhibit of the state of its affairs as provided in section 2566, R. L. Section 1172, R. L., provides that "It shall be the duty of the treasurer to have a general supervision over the financial affairs of the Territory, and to faithfully and impartially execute the duties assigned

by law to his department.  He is charged with the enforcement
of all revenue laws, the collection of taxes, the safe keeping and
disbursement of the public moneys, and with all such other
matters as may, by law, be placed in his charge." Under Sec-
tion 1240, R. L., the treasurer "shall also each year furnish
each assessor with a certified copy of the annual corporation
exhibits of all corporations owning property in his division,
which are each year filed in the treasury department." This
matter of a corporation exhibit is one which has by law been
placed in charge of the treasurer and in our opinion the "nature
of his right" is sufficiently shown in order to comply with
section 2017, R. L.  The cases cited by counsel on this point do
not appear to throw any additional light on the subject.  It
devolving upon the treasurer to require an exhibit from a cor-
poration, he may properly institute mandamus proceedings to
that end even though such proceedings may also be instituted
by the Territory.

3.   The third contention of the respondent is that the alter-
native writ is not authorized by the statute.  The judgment
will have to be affirmed on this ground because the writ goes
further than the statute authorizes, in that the respondent is
directed to file an exhibit in accordance with a certain form.
The treasurer is not authorized to prescribe any particular form
to be used.  He directs when the exhibit is to be filed.  The
attorney general concedes that the statute does not permit the
treasurer to prescribe any form but contends that an exhibit
made out on this particular form would be a full and accurate
one and consequently nothing more than what the statute
requires.  The treasurer cannot indirectly make that a part of
the statute which it does not directly permit.  It was suggested
that this form was for the assistance of the corporation in get-
ting up its exhibit, but it has the right to refuse such assistance
if it sees fit.  The writ must not require something which the
statute does not require.  See High on Extraordinary Legal
Remedies, section 539, where it is said:

"Especial care should be taken in framing the mandatory clause of the alternative mandamus, since the writ must be enforced in the terms in which it is issued, or not at all, and the relator is concluded by its terms. The mandatory clause should, therefore, be supported by and should not exceed the averments of title or right which form the inducement of the writ, and should be in conformity with the legal obligation of the respondent. If it exceeds the limits of such legal obligation, it is void. And an additional reason for the strictness exacted in the statement in the mandatory clause, of the duty required of the respondent, is found in the fact that, if the alternative writ is awarded for a purpose partly proper and partly improper, the court will not enforce it by a peremptory mandamus as to that which is proper, but will quash the whole. When, therefore, the alternative writ demands more than the relator is entitled to, judgment will be given for the respondent, and the court will not separate and give judgment for the relator as to a part of the requirement of the writ, and for the respondent as to the residue."

The judgment appealed from is affirmed.

*E. C. Peters, Attorney General,* for the petitioner.

*S. B. Kingsbury* for respondent.