IN THE MATTER OF THE APPLICATION OF F. R. LUCWEIKO FOR A WRIT OF MANDAMUS AGAINST JAMES W. PRATT, COMMISSIONER OF PUBLIC LANDS OF THE TERRITORY OF HAWAII.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED NOVEMBER 11, 1907. DECIDED NOVEMBER 20, 1907.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

MANDAMUS—*duty of public officer.*

> Under Act 123 S. L. 1907 it is the duty of the commissioner of public lands to act in the matter of the approval of a receipt presented by a claimant whose appropriation is under "Department of Public Lands."

### OPINION OF THE COURT BY BALLOU, J.

This is a claim arising out of Act 123 of the Session Laws of 1907, which, so far as it includes the claim now in question, reads as follows:

. "Section 1.    The following sums of money, amounting to $7,263.39, are hereby appropriated to be paid out of any moneys in the Treasury of the Territory, to pay certain claims against the Territory of Hawaii.

"Department of Public Lands.
\* \* \*

"Claim of F. R. Lucweiko, damages for non-fulfillment by the Government of Agreement of June 15th, 1903, in re land and buildings situated on Beretania and King Street, Moiliili, Honolulu, $1,500.00." \* \* \*

"Section 2.    The Auditor shall not issue warrants in payment of any of the above amounts unless receipts in full are filed therefor, and the same are approved by the head of the Department under which the items are inserted."

The act was approved by the governor with the exception of the claims of R. Maka and F. R. Lueweiko, whereupon the claim of Lueweiko was passed by the legislature over the governor's veto.

The petitioner presented to James W. Pratt, commissioner of public lands, a receipt in full for approval and upon the commissioner's refusal filed his petition for a writ of mandamus. The respondent in his answer and return gives as his reasons for refusing to approve the receipt (1) that there is no law compelling or requiring him to approve it; (2) that the office of the commissioner of public lands is created by, and the duties of the commissioner prescribed by the Organic Act, so that Act 123, in so far as it seeks to impose an additional duty upon the commissioner, is unconstitutional; (3) that the appropriation was without legal or equitable consideration and was a mere gift to the petitioner and therefore unconstitutional; (4) that the agreement of June 15, 1903, attached as an exhibit to the return, was fully carried out; that the petitioner suffered no damages; that the appropriation was a mere gratuity and therefore unconstitutional. The petitioner demurred to the return and the circuit judge sustained the demurrer and ordered a peremptory writ to issue.

We are of the opinion that the grounds of refusal relied upon by the respondent are without merit. "The head of the department under which the items are inserted" with reference to an item under "department of public lands," describes with sufficient certainty the commissioner of public lands. The contention that there is no department of public lands in the Territory is based merely upon the fact that it is not so entitled in the laws creating it, but this does not prevent the legislature from describing it as such, as is frequently done in this and other appropriation bills.

The proposition that the duties of the commissioner of public lands are prescribed by the Organic Act and the legislature has no power to change the same is a strained construction of Sec. 73 of the Organic Act, which neither creates the office

of commissioner of public lands nor prescribes his duties but merely continues in force, with some modifications, the laws of Hawaii relating to public lands until congress shall otherwise provide. There is nothing in this section that would prevent the legislature from imposing upon the commissioner the added duty of approving a receipt such as the one in question, nor does the fact that in the opinion of others the matter might fall more properly within the duties of the superintendent of public works make its action invalid.

It is unnecessary to consider whether or not the appropriation would be valid if it was merely a gift, as the allegation that the appropriation is a gift or gratuity must, notwithstanding the demurrer to the return, be treated as a conclusion unsupported by the facts in the record. The petition does not set out the nature of the claim upon which the appropriation is based, although it appears more than once on the records of this court, (*Lucweiko v. Territory,* 17 Haw. 30; Ib., 17 Haw. 303; Ib., 17 Haw. 644), but the appropriation on its face shows that it was in settlement of a claim for non-fulfillment by the government of a certain specific agreement and this is conclusive. *Waterloo Woolen Mfg. Co. v. Shanahan,* 128 N. Y. 345. Whether the claim had any substantial foundation is not for us to inquire. *Stevenson v. Colgan,* 91 Cal. 649.

No objection having been made to the form of the receipt, and the reasons for refusal given by respondent being insufficient in law, the writ of mandamus properly issued. *Kanealii v. Hardy,* 17 Haw. 1.

The order appealed from is affirmed.

*T. M. Harrison* for petitioner.

*John W. Cathcart* for respondent.