IN THE MATTER OF THE APPLICATION OF DAVID
K. SHERWOOD, HARRY H. HOLT AND CHARLES
P. OSBORNE FOR A WRIT OF MANDAMUS
AGAINST DAVID KALAUOKALANI, JR., CLERK
OF THE CITY AND COUNTY OF HONOLULU.

RESERVED QUESTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED DECEMBER 2, 1914.          DECIDED DECEMBER 14, 1914.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

MANDAMUS—*sufficiency of writ—demurrer—quo warranto.*
Where it appears from the recital of facts in an alternative
writ of mandamus that the object of the proceeding is to deter-
mine the title of one, holding a certificate of election, to an office,
a demurrer on the ground that the writ does not state facts suffi-
cient to constitute a cause of action or entitle the petitioners to
the writ demanded, will be sustained; it appearing from the
petition that *quo warranto* is the proper remedy.
SAME—*purpose of writ.*
The writ of mandamus lies to compel action where the law
imposes a duty to act, and there is a refusal to act, but not to
negative or prevent action.

OPINION OF THE COURT BY QUARLES, J.

The petitioners, David K. Sherwood, Harry H. Holt and
Charles P. Osborne, presented to the second judge of the first
judicial circuit their petition for an alternative writ of man-
damus directed to David Kalauokalani, Jr., city and county
clerk of the city and county of Honolulu, whereupon an alterna-
tive writ of mandamus issued directed to the said David Kalau-
okalani, Jr., as city and county clerk, commanding him to appear
and show cause why he issued to himself a certain certificate
certifying that at the election held in said city and county on
the 12th day of September, 1914, he received a majority of all
of the registered voters voting at said election and was elected
to the office of city and county clerk; why he should not deliver

up said certificate of election to be cancelled; why he should not refrain from attempting to hold or attempting to usurp the said office under and by virtue of said certificate of election and otherwise from the first day of January, 1915; and that he should observe and obey such further order, judgment and decree as should be made by the said circuit judge upon a hearing of said alternative writ. The writ set forth certain facts, viz: That the petitioners are duly qualified electors of the city and county of Honolulu; that David Kalauokalani, Jr., as clerk of the city and county of Honolulu, has issued to himself a certificate certifying that he received a majority of the votes of the registered voters voting at the election held in said city and county on the 12th day of Septemebr, 1914, at which he was a duly nominated candidate for said office, and that he was elected to said office for the term of two years, to wit, from the first day of January, 1915, to the first day of January, 1917; that said David Kalauokalani, Jr., under the said certificate of election, intends to usurp the said office of city and county clerk, enter upon the duties thereof, and enjoy all the rights, privileges and emoluments of the said office of said city and county clerk; that said David Kalauokalani, Jr., issued to himself the said certificate of election by reason of having received 5289 votes at the primary election held in the city and county of Honolulu and in the several precincts thereof on the 12th day of September, 1914, under the provisions of Act 151, Session Laws of 1913; that it manifestly appears that the said act is beyond the powers of the legislature of the Territory of Hawaii to enact and that the said election was illegal and void, the said certificate of election was illegally issued, and is now illegally held by the said David Kalauokalani, Jr.

To the alternative writ the respondent, David Kalauokalani, Jr., filed a demurrer setting forth several grounds, to wit: 1. That the writ does not state sufficient facts to constitute a cause of action or to entitle the petitioners to the writ demanded. 2. That petitioners have no legal capacity to sue and the

proceeding should be in the name of the Territory on relation of the petitioners. 3. That petitioners have no such interest in the issuance of said certificate of election as to entitle them to bring this proceeding. 4. That the said writ does not command the doing of a duty imposed upon the respondent by law. 5. That said petitioners have other and adequate remedies. 6. That no demand to deliver up the said certificate for cancellation was made upon the respondent. 7. That the writ is ambiguous, uncertain and unintelligible in that it does not show in what respect Act 151, Session Laws 1913, is beyond the power of the legislature to enact.

The circuit judge reserved to this court, on the record, the following questions, to wit: 1. "Shall the demurrer be sustained on the grounds submitted?" 2. "Is Act 151 S. L. 1913 constitutional?" 3. "Is Act 151 S. L. 1913 in contravention of the Organic Act of Hawaii?" 4. "Is Act 151 S. L. 1913 ultra vires of the Legislature of the Territory of Hawaii?"

It is our opinion and we so hold, that the demurrer to the alternative writ should be sustained. The writ of mandamus is the proper remedy to compel an individual, corporation or judicial officer or tribunal to perform a certain act which the law enjoins upon him, or it, and performance thereof is refused. (Sec. 2010 R. L.; *Hipa* v. *Luce,* 5 Haw. 520; *Treasurer* v. *Benson, Smith & Co.,* 18 Haw. 76; *McCandless* v. *Campbell,* 20 Haw. 411.) It will not lie where there is a speedy remedy at law by which adequate relief may be obtained unless there is a showing that the public good and the administration of justice would otherwise suffer. (Sec. 2011 R. L.; *Peacock* v. *Collector of Customs,* 8 Haw. 531.) Mandamus is not the proper remedy to try the title to an office, the law having provided a speedy and adequate remedy by *quo warranto.* (Sec. 2044 R. L. as amended by Act 39 S. L. 1907; *Kanealii* v. *Hardy,* 17 Haw. 1, 9; *People* v. *Olds,* 3 Cal. 167; *Henry* v. *Camden,* 42 N. J. L. 335; *Duane* v. *McDonald,* 41 Conn. 517; *People* v. *Matteson,* 17 Ill. 167; *St. Louis* v. *Sparks,* 10 Mo.

117; 13 Ency. Pl. & Pr. 493.)   Our election laws make it the duty of the respondent to issue certificates of election to candidates for office when the returns from an election show that the party to whom the certificate is to issue has received the requisite vote at an election to entitle him thereto.   We know of no law in this jurisdiction making it the duty of the respondent, or of any one holding a similar office, to cancel or to deliver up for cancellation a certificate that has been issued.   The purpose of the writ is to compel action where the law imposes a duty to act and there is a refusal to act; it is not its function to negative or prevent action.   (13 Ency. Pl. & Pr. 500; *Maxwell* v. *Burton*, 2 Utah 595.)   It is obvious that this proceeding was instituted to test the validity of the alleged election of the respondent at the primary election held on the 12th day of September, 1914, and his title to the office of clerk of the city and county of Honolulu for the term commencing January, 1915.   For the reasons heretofore stated the demurrer to the alternative writ must be sustained on the first, fourth and fifth grounds herein stated.   It is not necessary to pass upon the other grounds of the demurrer.

For the reasons herein stated the first reserved question is answered in the affirmative.   It is unnecessary to answer the other reserved questions, the affirmative answer to the first one being decisive of the proceeding.

*G. A. Davis* for petitioners.

*I. M. Stainback, Attorney General,* and *J. W. Cathcart, City and County Attorney,* for respondent.